Nathaniel GILMORE, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–14634.

Court of Criminal Appeals of Oklahoma.

Sept. 17, 1969.

Jay D. Dalton, Michael L. Green, Tulsa, for plaintiff in error.

G. T. Blankenship, Atty. Gen., W. M. Fallis, Jr., Dist. Atty., for defendant in error.

BRETT, Presiding Judge.

Plaintiff in Error, Nathaniel Gilmore, hereafter referred to as defendant, was charged by information in the District Court of Tulsa County with the crime of burglary in the second degree, after former conviction of a felony. On September 8, 1967, Defendant plead guilty and was sentenced to 9 years in the state penitentiary from which this appeal is perfected to this Court.

The records show trial was set for defendant in District Court on June 12, 1967. On June 13, 1967, defendant was granted a continuance until the September docket. On September 6, 1967, the day set for trial on this case, defendant appeared with his counsel and waived his right to a jury trial and personally entered a plea of guilty. The date was set for passing judgment and sentence, and on September 8, 1967, defendant was represented by his counsel Mr. M. Green. At that time defendant requested to withdraw his plea of guilty and enter, in lieu thereof, his plea of not guilty, but defendant's request was denied. Defendant was judged guilty of the crime of second degree burglary, after former conviction of a felony and sentenced to serve nine years in the state penitentiary. Thereafter counsel for defendant filed a Motion for New Trial, which was overruled. Defendant filed notice of his intention to appeal to the Court of Criminal Appeals and request for a casemade as provided by statute.

Defendant's first proposition contends that the trial court erred in refusing to allow the defendant to withdraw his plea of guilty. The sole question presented on this appeal is whether or not the trial court abused its discretion in not allowing the defendant herein to withdraw his plea of guilty prior to sentencing. The trial court has by statutory authority in 22 O.S.1961, § 517, authority to permit a

plea of "guilty" to be withdrawn and a plea of "not guilty" substituted therefor.

This Court has consistently held that this right of the trial judge to allow a withdrawal of a guilty plea is a discretionary right, and the decision of the trial judge will not be interfered with on appeal unless it clearly appears that the trial judge did abuse that discretion. In the case of Brown v. State, 405 P.2d 698, this Court stated:

"The granting or denying of permission to withdraw a plea of guilty either before or after judgment is a matter within the sound discretion of the trial court, and Court of Criminal Appeals will not interfere unless there is an abuse of that discretion."

Defendant claims that the reason he should be allowed to withdraw his guilty plea is that he was rushed into entering the guilty plea, and that he was confused. However, it is difficult to see how the defendant can claim that he was rushed into entering his plea, considering that his trial had been postponed on defendant's motion from June 12, 1967, to September 6, 1967. Defendant had been appointed competent counsel, before the June trial date, and this counsel continued to represent him during the time of postponement. Defendant had more than ample time to think about his plea, and to receive advice from his counsel on it. The record of the hearing had on September 6th, the day the guilty plea was entered, reflects that the trial judge did all in his power to explain to defendant the consequences of a guilty plea. Commencing at page 18, the record shows the following to have transpired:

"THE COURT: March the 12th, so I will be quite candid with you, on a plea of guilty I would not consider giving you anything less than nine years, which you say your attorney has persuaded the prosecutor to recommend, so either we might as well call the jury and let the jury determine the amount of your punishment if you are guilty. At this time you are presumed not to be guilty.

You know whether you are or not and you also, having had a preliminary hearing know what the State's evidence is going to be. Of course, if you are not guilty, I would not accept your plea of guilty under any circumstances. I would not let a not guilty man enter a plea of guilty. So I will give you thirty minutes, —it is now two twenty-five. At three o'clock, we will either try you to a jury unless at that time you advise me you want to advise me that you want to withdraw you plea of not guilty and enter a plea of guilty.

The Court will be in recess until three o'clock."

Some forty minutes later the following transpired:

* * * * * *

3:05 p. m.

"THE COURT: Let the record show the defendant, represented by counsel is now in court at five miuntes after three. Mr. Gilmore, have you decided whether you want a jury trial, or do you want to submit the matter to the Court?

MR. GILMORE: I am going to plead guilty.

THE COURT: You talked this over with your attorney, I am sure.

MR. GILMORE: Yes, sir.

THE COURT: It is your desire now to waive your right to a jury trial, is that correct?

MR. GILMORE: Sir?

THE COURT: You desire at this time to waive your right to a jury trial? You don't want a jury trial?

MR. GILMORE: No, sir.

THE COURT: And I understood from your remarks there that you desire to withdraw your former plea of not guilty and enter a plea of guilty, is that your wishes in the matter?

MR. GILMORE: Yes, sir.

THE COURT: What is your age?

MR. GILMORE: I am twenty-eight.

THE COURT: Twenty-eight years of age. You tell me you are guilty and that you want to plead guilty?

MR. GILMORE: Yes, sir.

THE COURT: The Information that has been furnished you and as I viewed it a few minutes ago, you know what you are charged with. Let the record show the defendant now in open court waives his right to a jury trial, withdraws his former plea of not guilty and enters a plea of guilty. So upon a plea of guilty I would merely wait two days before pronouncing judgment and sentence, so that is for your protection. Do you desire to wait the two days, or do you prefer that I now pronounce judgment and sentence at this time?

MR. GILMORE: I think I will wait two days.

THE COURT: The formal sentencing on the plea of guilty will be set for three o'clock day after tomorrow, which would be Friday, is that correct?

MR. WILLIAMS: Yes, Sir."

The defendant has been convicted twice before for crimes that resulted in his confinement, so he can hardly say he did not understand the consequences of a possible sentence of nine years.

A review of the entire proceedings convinces this Court that the defendant was merely attempting to delay the proceedings. At no place in the record does defendant offer any defense. Instead, defendant's only concern seemed to be the punishment he might receive for his criminal act.

■ The defendant, in the instant case, cannot claim that he had not been properly advised. He was told exactly what the punishment for his crime would be and that is the punishment assessed by the Court. The defendant has the burden to show that his plea was entered by mistake, through ignorance or inadvertence. He must also show that there is some defense he can offer to justify sending the case to a jury. The defendant in this case has not met this burden in asking to withdraw his plea of guilty. In the case of Brown v. State, supra, this Court stated in its syllabus as follows:

"In order to sustain the contention of an accused that a trial court has abused its discretion in refusing to allow a plea of guilty to be withdrawn and a plea of not guilty substituted therefor, it must be apparent from the record that the plea has been made unadvisedly, through ignorance, inadvertence, influence, or without deliberation; and that there is a defense that should be presented to a jury."

See also: Pierce v. State, Okl.Cr., 394 P.2d 241; Scroggins v. State, Okl.Cr., 287 P.2d 217; and Baker v. State, Okl.Cr., 295 P.2d 294.

The defendant cannot act capriciously in withdrawing a plea of guilty. The Court's decision in refusing to allow a defendant to withdraw a plea of guilty will not be disturbed where the defendant's action in making the request reflects an attempt to merely delay the proceedings.

We recognize that the law favors the trial of a case to a jury but in this case, the defendant waived this right with full knowledge of the consequences of his acts. In Pierce v. State, 394 P.2d 241, this Court stated in its syllabus as follows:

"The law favors the trial of criminal cases on the merits, but this does not mean that the trial court should allow a defendant to withdraw a plea of guilty where there is no showing that the plea was entered through inadvertence, ignorance, or without deliberation but it is apparent that the application to withdraw the plea of guilty is for the purpose of delay and to defeat the ends of justice."

In that case the defendant, as in the present case, had compentent counsel; there was adequate evidence at the preliminary hearing to support the plea, and there was ample time for the defendant to know and understand the consequences of his plea of guilty.

We are therefore of the opinion, that the judgment and sentence of the District Court of Tulsa County should be, and the same is therefore affirmed.

BUSSEY and NIX, JJ., concur.