Jerry Glenn MILLER, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–16533.

Court of Criminal Appeals of Oklahoma.

Dec. 10, 1971.

L. G. Hawkins, Sapulpa, for plaintiff in error.

Larry Derryberry, Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge.

Jerry Glenn Miller, hereinafter referred to as defendant, perfected these consolidated appeals from the Findings of Fact and Conclusions of Law entered after a complete evidentiary hearing in the District Court of Osage County, wherein the Honorable Mermon H. Potter, after consideration of all the evidence, declined to grant post conviction relief. From the record it appears that the defendant is currently incarcerated under judgments and sentences entered in Osage County District Court Case No. CR–4803 for the crime of Murder; CR–4804 for the crime of Murder; CR–4805 for the crime of Assault with Intent to Kill; CR–4806 for the crime of Assault with Intent to Kill; and CR–4807 for the crime of Assault with Intent to Kill.

The trial court conducted an extensive hearing and entered detailed Findings of Fact and Conclusions of Law, which amply support his findings that the defendant freely and voluntarily entered pleas of guilty, while represented by competent counsel, with full knowledge of the nature and consequence of such pleas, and that such pleas were entered without duress, coercion, threats, or intimidation, and that since the time of his convictions until the filing of the Post Conviction Application in the trial court, no attempt was ever made to appeal from the judgments and sentences interposed on the pleas of guilty.

We have, nevertheless, examined the record as if an appeal had been timely filed in this Court, and find that the evidence overwhelmingly supports the Findings of Fact and that the trial judge correctly applied Conclusions of Law, and we hereby commend Judge Potter for the diligent manner in which he conducted the post conviction proceedings and adopt his Findings of Fact and Conclusions of Law.

We deem it unnecessary to recite the Findings of Fact and Conclusions of Law, but append hereto a copy of the Findings of Fact and Conclusions of Law which are incorporated by reference.

The trial court's Findings of Fact and Conclusions of Law and denial of post conviction relief are affirmed.

BRETT, J., concurs.

APPENDIX

In the District Court of Osage County, Oklahoma

Feb. 22, 1971

Jerry Glenn Miller,
        Petitioner

VS.

Warden Ray H. Page and
State of Oklahoma,
        Respondents.

Numbers: 4803
4804
4805
4806
4807

FINDINGS OF FACT AND CONCLUSIONS OF LAW

MERMON H. POTTER, ASSOCIATE DISTRICT JUDGE

## FINDINGS OF FACT

1.  The Court finds as a finding of fact that Jerry Glenn Miller hereinafter referred to as petitioner was arrested in the early morning hours (approximately 5:23 a.m.) on March 20, 1959, on two charges of Murder in the First Degree and three charges of Assault With the Intent to Kill.

2.  The Court further finds as a finding of fact that after his arrest, petitioner was brought to the office of the then County Attorney of Osage County, Patrick A. Williams, whereupon he, the petitioner, was inquired of by the County Attorney if he desired to call or speak to anyone and further that anything he, the petitioner, said would be used against him in a Court of law whereupon petitioner replied in the negative that he did not wish to speak to anyone, except that he would talk to the County Attorney, whereupon the petitioner gave a statement to the County Attorney in the presence of a Court Reporter, who transcribed the same, to which the petitioned signed and subscribed and swore to before the Court Clerk of Osage County.

3.  The Court further finds as a finding of fact that the petitioner fully understood the nature and consequences of his act in giving the statement heretofore mentioned, on March 20, 1959, and the petitioner did not give the aforementioned statement under any form whatsoever of duress, fear, coercion or undue influence of any kind, the petitioner gave the aforementioned statement under his own will, free and voluntarily.

4.  The Court further finds as a finding of fact that on March 20, 1959, petitioner was arraigned in the Justice of the Peace Court of V. E. Theis on two charges of Murder in the First Degree whereupon petitioner was advised of his right to a preliminary hearing whereupon petitioner requested a preliminary and a date for the preliminary was at that time set. Bond was denied.

5.  The Court further finds as a finding of fact that on March 23, 1959, petitioner again arraigned before the Justice of the Peace Court of V. E. Theis on three charges of Assault With Intent to Kill, and at that same time elected to waive the preliminary hearing on the two charges of First Degree Murder which he heretofore requested on March 20, 1959, as well as the three charges of Assault With Intent to Kill.

6.  The Court further finds as a finding of fact that petitioner was not an alien with Court proceedings as on September 22, 1957, petitioner had been charged with the crime of Rape in the First Degree, a felony under the laws of the State of Oklahoma, and afforded a preliminary hearing in the Justice of the Peace Court, and subsequently after said preliminary was bound over to District Court for trial.

7.  The Court further finds as a finding of fact that on March 23, 1959, petitioner at his own request, once again gave the County Attorney a statement which recited that the statement given on March 20, 1959 as well as the aforementioned statement of March 23, 1959, were given voluntarily at petitioner's own free will, understanding fully the nature and consequences of his acts in giving the aforementioned statements, and further that petitioner had not acted under any acts of threats, coercion, or duress of any kind whatsoever.

8.  The Court further finds as a finding of fact that on March 27, 1959, a transcript of the proceedings from the Justice of the Peace Court of V. E. Theis were transmitted and filed in the District Court of Osage County, and further, on that date, the petitioner was brought to the District Court of Osage County, Pawhuska, Oklahoma, before the Honorable R. E. Havens, District Judge, now deceased, for arraignment; said arraignment being passed till March 30, 1959, for the purpose of the Court taking under advisement the appointment of counsel for the petitioner.

9.  The Court further finds as a finding of fact that on March 30, 1959, the Court appointed Fred Tillman, Attorney at Law, now deceased, an outstanding practitioner, well-known and respected throughout the State of Oklahoma for his superior ability as a lawyer well-versed in criminal mat-

ters, whereupon, arraignment was held upon two charges of Murder in the First Degree and three charges of Assault With the Intent to Kill.

10. The Court further finds as a finding of fact that on March 31, 1959, petitioner by and through his attorney filed an application to have petitioner removed to the Eastern State Hospital, Vinita, Oklahoma, for a mental observation not to exceed ninety days. Thereafter, on April 1, 1959, the District Court acted upon said order, authorized and directed that petitioner be removed from the Osage County Jail and transported to Eastern State Hospital at Vinita, Oklahoma for mental observation for a period not to exceed ninety days, where petitioner remained from April 3, 1959 to May 21, 1959, when petitioner was returned to the Osage County Jail from Eastern State Hospital at Vinita, Oklahoma.

11. The Court further finds as a finding of fact that on August 10, 1959, the petitioner, by and through his attorney, filed with the District Court of Osage County a motion to remand for preliminary hearing in the two charges of Murder in the First Degree and a motion in the two charges of Murder in the First Degree cases to have said cases reduced from that of Murder in the First Degree to that of Manslaughter, both of said motions being overruled by the Court.

2. The Court further finds as a finding of fact that on August 10, 1959, the petitioner, by and through his attorney, requested permission to withdraw his former pleas of not guilty to the two Murder in the First Degree cases and the three Assault With Intent to Kill cases, and after being fully advised by the presiding District Judge, R. E. Havens, of a right to a trial by jury, the consequences of his act in withdrawing his former pleas of not guilty, the power and authority of the Court to interpose the extreme penalty of death, and the Court then being satisfied that the petitioner fully understood the nature and consequences of his act in withdrawing his former pleas of not guilty and being ad-

vised that petitioner had discussed the matter of requesting the withdrawal of his pleas with his attorney, and further being fully advised that neither his attorney nor the County Attorney had promised any·leniency, or hope of leniency, the Court then allowed the petitioner to withdraw his former pleas of not guilty to the two Murder in the First Degree cases and the three Assault With the Intent to Kill cases, and enter pleas of guilty to each case separately.

13. The Court further finds as a finding of fact that the Court, after being satisfied that the petitioner fully understood the nature and consequences and the extreme penalty that the Court had the power and authority to interpose, granted the petitioner permission to withdraw his former pleas of not guilty to the two Murder in the First Degree cases and the three Assault With Intent to Kill cases, and thus enter a plea of guilty to each case separately, and thereupon the Court, after being advised by the petitioner that he, the petitioner, wanted to be sentenced at that time, the Court then on August 10, 1959, duly sentenced the petitioner, at the petitioner's request.

14. The Court further finds as a finding of fact that the petitioner upon entering his pleas of guilty advised the presiding District Judge, R. E. Havens, that he so entered his pleas of guilty of his own free will and as his voluntary act, and absent from threats, coercion, or promises, or expectancy of leniency.

15. The Court further finds as a finding of fact that the statements given to the County Attorney on March 20, 1959, and March 23, 1959, respectively, were not made a part of the record nor was the presiding District Judge, R. E. Havens, who accepted petitioner's pleas of guilty advised that any statements did exist until District Judge, R. E. Havens, had accepted pleas of guilty on all five of the cases, and then and only then, become aware of such statements when he, District Judge, R. E. Havens, requested that the County Attorney to fully advise him to the extent of his

knowledge the nature of the facts and circumstances of each of the said cases, so he, the District Judge, could render a just judgment on the penalty to be meted out by the District Judge.

16. The Court further finds as a finding of fact that petitioner received as punishment on the two charges of Murder in the First Degree the minimum sentence of life in the penitentiary to run consecutively, and received a sentence of five years on the three charges of Assault With the Intent to Kill, the first two to run concurrently with the third charge.

17. The Court further finds as a finding of fact that petitioner received as punishment on the two charges of Murder in the First Degree the minimum sentence of life in the State Penitentiary on one charge of Murder in the First Degree, and the minimum sentence of life in the State Penitentiary on the second charge of Murder in the First Degree, to run consecutively; and further on the three charges of Assault With Intent to Kill, received a sentence of only five years on each charge, the first two to run concurrently with the third charge.

18. The Court further finds as a finding of fact that since the date of petitioner's arraignment on March 30, 1959, on two charges of Murder in the First Degree and three charges of Assault With the Intent to Kill, petitioner, through his attorney, waived further time in which to plead, duly entered pleas of not guilty, reserving the right to demurrer to the Informations; no other pleadings were filed by petitioner through his attorney, save the application for mental observation filed on March 30, 1959, and a motion to remand in the two murder cases only, and a motion to reduce the two Murder in the First Degree charges to that of Manslaughter, both filed on August 10, 1959, the date on which petitioner requested the Court to withdraw his plea of not guilty and was allowed permission by the Court to enter pleas of guilty.

19. The Court further finds as a finding of fact that the petitioner was not advised by the Justice of the Peace Court that he could have an attorney only if he could hire one.

20. The Court further finds as a finding of fact, petitioner appointed Fred Tillman, Attorney at Law, to represent him on March 30, 1959, and so diligently served in the capacity as petitioner's attorney until August 10, 1959, a period exceeding four months.

21. The Court further finds as a finding of fact that at no time was petitioner harassed or threatened by any law enforcement officials with the desire to extract from him a statement or confession or plea of guilty from the petitioner.

22. The Court further finds as a finding of fact that the statements given to the County Attorney on March 20, 1959, and March 23, 1959, respectively, were given of petitioner's own free will and voluntarily, and absent of duress, coercion, threats or promises of leniency.

23. The Court further finds as a finding of fact the request for withdrawal of the former pleas of not guilty to all five charges and the subsequent pleas of guilty to all five charges were done by petitioner by and through and in the presence of counsel, of petitioner's own free will and voluntarily, absent of duress, coercion, threats or promises of leniency.

24. The Court further finds as a finding of fact that petitioner was not at all times held incommunication in the Osage County Jail as petitioner's father did visit with him after obtaining permission from proper officials.

25. The Court further finds as a finding of fact that the transcript of the proceedings held before presiding District Judge, R. E. Havens, upon accepting petitioner's pleas of guilty and subsequent sentencing are silent as to the District Judge advising petitioner to his rights of appeal.

26. The Court further finds as a finding of fact that although petitioner did not allege nor set forth any allegations as to denial of right to appeal, he, petitioner, did nevertheless allude to the same in his testimony and the record being silent as to pe-

titioner being advised to his right to appeal is of no consequence as the Court further finds by examination of the records that since the date of sentencing, August 10, 1959, till this post-conviction relief proceeding, has petitioner never attempted, by and through an attorney, or pro se filed nor instituted any pleading whatsoever, nor any pleading in the nature of an arrest of judgment, Notice of Appeal, Petition in Error, Motion for New Trial, nor Motion for New Trial either at the time of sentencing till this date, either in the State Court of Criminal Appeals, nor in this District Court, a period of approximately eleven years.

27. The Court further finds as a finding of fact that there has never been filed a Motion for New Trial or Arrest of Judgment in these causes.

28. The Court further finds as a finding of fact that no notice to appeal was even filed in these causes.

29. The Court further finds as a finding of fact that petitioner has never attempted to appeal nor set aside the judgment and sentence in these causes from August 10, 1959, till the institution of this post conviction relief proceeding.

## CONCLUSIONS OF LAW

1. The Court finds that it has jurisdiction of this cause as provided by the provisions of 22 Oklahoma Statute Annotated, Section 1080 et seq.

2. The Court finds that the District Court of Osage County, Oklahoma, was not deprived of jurisdiction of the person of the petitioner either during the arrest of the petitioner nor after the arrest of the petitioner; the District Court of Osage County had jurisdiction of the petitioner at all times and all five causes of action.

3. The Court finds that the petitioner was not falsely advised of his right to counsel before and during his arraignment in the Justice of the Peace Court.

4. The Court finds that petitioner was not deprived of counsel.

5. The Court finds that petitioner was not denied his fundamental right to a preliminary hearing.

6. The Court finds that petitioner entered his pleas of guilty to all five charges voluntarily exercising his own free will absent from any duress, undue influence, threats or promises of leniency after being fully advised of the possible consequences of his acts by the presiding District Judge and after consultation with his attorney.

7. The Court finds that petitioner was represented by esteemed counsel from March 30, 1959, the date of his arraignment in the District Court of Osage County until August 10, 1959, the date he entered his pleas of guilty. Irregularities, if any existed in prior proceedings, were waived by the petitioner at the time he entered his pleas of guilty, including petitioner's alleged denial of his inalienable right to counsel at the proceedings prior to his arraignment in the District Court of Osage County.

8. The Court finds that petitioner was in no manner denied his right to appeal in that petitioner has failed to show any fact whatsoever substantiating his claim that he was denied a right to appeal.

9. The Court finds that although the record is silent as to advising the petitioner to his right of appeal, this in itself is not sufficient proof that petitioner was denied his right to appeal.

10. The Court finds that petitioner by and through his attorney filed no motion to quash demurrer, motion to set aside, motion for new trial, or any other pleading whatsoever, save those of a motion to remand and a motion to reduce, filed on August 10, 1959, the date of entering his pleas and subsequent sentencing; thereby, petitioner by his own actions waived any defects, if any existed, in prior proceedings, by entering a plea of guilty to all five charges.

11. The Court finds that the petitioner was not denied any inalienable right afforded by the Constitution of the United States of America, the Constitution of the

State of Oklahoma, nor the Statutes of the State of Oklahoma.

### ORDER

This Court having presided over this post-conviction relief proceeding as provided for by virtue of 22 O.S.A. 1084 et seq. does find, based upon the oral evidence adduced, the foregoing findings of facts, and conclusions of law, deny petitioner's application for post-conviction relief.

It is therefore ordered, adjudged, and decreed, that Petitioner's application for post-conviction relief, filed herein, is hereby denied.

(s) Mermon H. Potter

Mermon H. Potter
Associate District Judge
Osage County, Oklahoma