Reuben Benjamin SIMPSON, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. A–16989.

Court of Criminal Appeals of Oklahoma.

May 8, 1973.

Tom A. Lucas, Norman, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., Robert Dennis, Legal Intern, for appellee.

## OPINION

BLISS, Presiding Judge:

Appellant, Reuben Benjamin Simpson, hereinafter referred to as defendant, entered a plea of guilty in the District Court of Cleveland County, Case No. CRF–71–141, for the crime of Manslaughter in the First Degree. He was sentenced to serve

a term of not less than ten (10) years and not more than thirty (30) years in the state penitentiary.

The defendant was originally charged with the crime of Murder. In plea negotiations between the defendant's attorney and the District Attorney, the minimum term of four years was discussed by both parties if the defendant would enter a plea of guilty to the lesser charge of Manslaughter. The defendant's attorney informed the defendant that he could get him off with an indeterminate sentence with four years as the minimum. However, by the testimony of both the defendant's attorney and the District Attorney, this figure was never actually agreed.

Two days before the plea was taken, the District Attorney made his recommendation to the defendant's attorney which was not less than ten years nor more than twenty-five years. According to the testimony of Mr. Primrose, the defendant's attorney, he informed the defendant and his family at that time of the ten-year minimum recommendation. The members of the family denied any knowledge of this and stated that the first time they had heard of the recommendation was just prior to the plea.

In a hearing before the Honorable J. David Rambo, the defendant pleaded guilty to manslaughter and was sentenced by the court to the aforesaid sentence, not less than ten (10) years and not more than thirty (30) years.

Subsequently, the defendant filed his Application for Post-Conviction Relief after being in the penitentiary for twenty-one days. On July 21, 1971, an evidentiary hearing was held before the Honorable Elvin J. Brown. At the end of the hearing, the judge denied the relief prayed for and a timely appeal has been perfected to this Court.

The defendant, in his first proposition of error, alleges that he was denied due process of law at the time of his plea of guilty because the trial judge failed to fully advise him of the full range of punishment and possible consequences of his plea, therefore, rendering the plea invalid.

■ In this contention, we find no merit. It is evident from the testimony of his plea that every constitutional safeguard was taken in explaining to the defendant the nature of his act of entering a plea of guilty. The defendant's own testimony that he was aware of the full range of punishment and consequences of his act were adequate acknowledgment of such.

■ The defendant also contends that it was error to accept his plea of guilty because the defendant was not advised that the recommendation of the District Attorney would be different from that of his own attorney and that in the case of a conflict in recommendations, the judge could disregard the recommendations and assess punishment within the limits prescribed by statute in accordance with his own judgment.

The defendant, in his brief, does not cite any satisfactory authority in support of this allegation, nor is there any. We find no merit in the defendant's proposition. Sandefur v. State, Okl.Cr., 461 P.2d 954 (1969).

■ The fourth contention of the defendant is that advice from one's own attorney and family that, unless a plea of guilty to a lesser charge is made, one will receive a life sentence for murder, constitutes a threat and inducement sufficient to make the plea invalid.

In the case of Seibert v. State, Okl.Cr., 457 P.2d 790 (1969), this Court said:

"Next defendant asserts that he was coerced into entering his plea of guilty. He gives, as the basis for this assertion, that his counsel advised him that he *could* receive the death penalty, if a jury trial was had; and further, because his counsel informed him that the district attorney would recommend a punishment less than the death penalty, on a plea of guilty. His counsel advised him properly, and the consequences of that advice were borne out by what occurred. We

conclude such not to be coercion, in order to induce a plea of guilty * * *."
We so hold here.

The defendant's third and fifth propositions will be discussed together in that they allege essentially the same thing.

■ It is contended that the defendant's lack of understanding of the legal proceedings and all possible consequences of his act, plus a belief that he was going to get four years upon his plea of guilty, constitutes an involuntary plea of guilty induced by such lack of understanding and erroneous belief.

Although the plea negotiations between the District Attorney and the defendant's attorney talked of four years as the minimum of an indeterminate sentence, there was never an actual agreement of four years by either attorney. Subsequently, the District Attorney informed Primrose that the recommendation by him would be ten years to twenty-five years, rather than the four years discussed earlier.

In examining the testimony of the defendant's attorney, it is clear that he advised the defendant and his family of the recommendation to be made by the District Attorney at least two days prior to the actual taking of the plea before Judge Rambo.

Judge Rambo was extremely careful to make sure that the defendant had no reservations about pleading guilty. At one point in the proceedings, he took a recess so that the defendant could consult with counsel and make sure that he understood. He advised the defendant of all possible consequences of the plea and the defendant responded saying that he understood them and also that he knew that the judge was not bound by either recommendation.

The extensive hearing on the post-conviction relief was a close and careful analysis of the facts on which this appeal rests. In the opinion of this Court, Judge Brown's denial of postconviction relief is well founded from the evidence.

In Gilmore v. State, Okl.Cr., 461 P.2d 992 (1969), we said:

"The defendant has the burden to show that his plea was entered by mistake, through ignorance or inadvertence. He must also show that there is some defense he can offer to justify sending the case to a jury."

Nowhere in the testimony of this record is there any indication of any valid defense that should be presented to the jury.

It is also stated by this Court in Miller v. State, Okl.Cr., 492 P.2d 370 (1971):

"Where trial court conducts evidentiary hearing in application for post conviction relief, and the evidence amply supports his findings of fact and conclusions of law, such findings of fact and conclusions of law will be adopted by this Court, and his Order denying post conviction relief will be affirmed on appeal."

This Court is of the opinion that the evidence amply supports the trial court's finding of denial of post conviction relief and the same is hereby affirmed.

BUSSEY and BRETT, JJ., concur.