Gary Wayne REED, Petitioner,

v.

The STATE of Oklahoma, Respondent.

Nos. PC–78–147 to PC–78–150.

Court of Criminal Appeals of Oklahoma.

Jan. 23, 1979.

Larry D. Stuart, Pawhuska, for petitioner.

L. Wayne Woodyard, Asst. Dist. Atty., for respondent.

## OPINION

BUSSEY, Judge:

Petitioner, Gary Wayne Reed, hereinafter referred to as defendant, entered a plea of guilty to the offense of Burglary, Second Degree, on May 15, 1973, in the District Court, Osage County, Case No. CRF–73–25. The court deferred sentencing for a period of 18 months until November 15, 1974. The District Attorney of Osage County filed a motion on September 24, 1974, and an amended motion on October 4, 1974, to accelerate this sentence. On November 7, 1974, the defendant confessed the State's motion to accelerate and was sentenced to a term of seven (7) years.

On September 24, 1974, two informations were filed in the District Court, Osage County, charging the defendant with the offense of Burglary, Second Degree in each case, Case Nos. CRF–74–650 and CRF–74–652. And on September 26, 1974, an information was filed in the District Court, Osage County, charging the defendant with the offense of Unauthorized Use of a Motor Vehicle, Case No. CRF–74–654. On November 7, 1974, the defendant entered a plea of guilty in each of these three cases. The defendant received seven (7) year sentences in CRF–74–650 and CRF–74–652, to run concurrently with the seven (7) year sentence he received in CRF–73–25. The defendant received a three (3) year sentence in CRF–74–654 to run consecutively with the other sentences.

Defendant filed an application pro se for post conviction relief in each of these four cases on July 18, 1977, and filed amended applications by court-appointed counsel on December 27, 1977. The District Court, Osage County, the Honorable Don H. Hampton, presiding, held an evidentiary hearing on December 18, 1977, and on February 9 and February 23, 1978. The defendant appeals from the court's order of February 23, 1977, denying relief in each case.

There are two assignments of error. One assignment applies only to case No. CRF–73–25, and the other is common to all

four cases. We address ourselves now to the assignment of error which applies only to CRF–73–25, wherein the defendant asserts his plea of guilty was void because he was not fully advised of his constitutional rights prior to entering his plea. Defendant relies on *Smith v. Oklahoma City*, Okl. Cr., 513 P.2d 1327 (1973), in which we set forth the procedure to be used in the future by the trial court before accepting a plea of guilty. The procedure requires the court to determine whether or not the defendant is competent and, if so, to then advise the defendant on six items and to obtain an affirmative waiver by the defendant of each item which must be reflected in the record.[1] The defendant asserts he was not advised as to two of these, namely his constitutional right to confront witnesses who would testify against him and his privilege against self-incrimination.

We agree with the defendant that *Smith v. Oklahoma City*, supra, set forth the contemporary standard for accepting the defendant's plea of guilty on May 15, 1973, and we agree the record does not reflect he was advised of his right to confront witnesses and his privilege against self-incrimination. However, the proceedings do not end here. On November 7, 1974, the defendant stipulated to the State's motion to accelerate the deferred sentence as a part and parcel of his pleas of guilty in the other three cases after extensive plea negotiations between the defendant's attorney and the Assistant District Attorney for Osage County. The court fully complied with the *Smith* directives in this hearing as shown by the summary of facts sheet signed by both the defendant and his attorney. We find that the entire record in CRF–73–25 affirmatively reflects the defendant knowing-

ly, intelligently and voluntarily entered his plea of guilty, and that the assignment of error is without merit. *Cobbler v. State*, Okl.Cr., 521 P.2d 838 (1974).

The other assignment of error which is common to all four cases is that the defendant did not understand the consequences of his pleas entered on November 7, 1974. The crux of the misunderstanding is that the defendant thought the three year sentence he received for Unauthorized Use of a Motor Vehicle was to run concurrently with the seven year sentences he received in the burglary cases, making the total time to be served seven years; whereas, contrary to his understanding, the three year sentence runs consecutively with the other sentences, making the total time to be served ten years.

The defendant cites *Dodson v. Page*, Okl. Cr., 461 P.2d 957 (1969), in support of this proposition. We held that where defendant's plea of guilty to rape was induced because of a misunderstanding which resulted from the prosecuting attorney's proposed recommendation of leniency which was not fulfilled when the trial court imposed a life sentence and then denied petitioner's request to withdraw his plea of guilty, the plea of guilty was not freely and voluntarily entered. The case at bar is clearly distinguishable because the trial court followed the recommendation of the Assistant District Attorney in every respect and the defendant neither sought to withdraw his pleas of guilty nor to appeal after judgments and sentences were rendered.

■ At the evidentiary hearing, the State called Mr. Harvey Payne, formerly Assistant District Attorney for Osage County, who testified that he handled all of the

---

1. *Smith v. Oklahoma City*, Okl.Cr., 513 P.2d 1327, 1329 (1973), lists the six items as follows:

   "1. That he has a right to court-appointed counsel, if the defendant appears without counsel;

   "2. That he has a right to trial by jury;

   "3. That he has a right to be confronted by witness who would testify against him;

   "4. That he has a privilege against compulsory self-incrimination guaranteed by the Fifth Amendment;

   "5. The nature and consequences of such plea, including the minimum and maximum punishment provided by law for the crime of which he stands charged.

   "6. That the trial court is not bound by any recommendation made by the prosecuting attorney of any agreement entered into by defense attorney and the prosecuting attorney."

cases against the defendant from their inception and participated in plea negotiations, first with the defendant's attorney and later with both the defendant and his attorney. The defendant was then charged with the crime of Arson in addition to the four cases involved in this appeal. Payne stated he informed the defendant and his attorney that if the defendant would plead guilty to these four cases he would dismiss the arson charge and recommend to the court that the defendant receive seven years in each of the three burglary cases to run concurrently and a three year sentence in the unauthorized use of a motor vehicle case to run consecutively. The following is a portion of the cross-examination of Mr. Payne by Larry Stuart, defendant's counsel, at the evidentiary hearing:

"Q. Mr. Payne, do you remember what date you discussed this charge with both—did you discuss this charge with the defendant?

"A. Yes, I did. It took place in this courtroom at the table you're sitting at. He was sitting there with his lawyer, Ted Dukes. I discussed it previously in my office with Ted Dukes, and then to the best of my knowledge, he came and conferred with his client. That's what he told me he was going to do—

"Q. Okay.

"A. And then we discussed it in here. That was prior to the preliminary hearing.

"Q. Do you recall whether or not you discussed the total of ten years with Mr. Dukes while the defendant was present?

"A. Yes.

"Q. You're telling this Court that you told the defendant that he would be serving a total of ten years?

"A. Yes. To the best of my knowledge I did. We had a somewhat lengthy discussion there at that counsel table."

The defendant has the burden to show that his pleas were entered by mistake, through ignorance or inadvertence. He must also show that there is some defense he can offer to justify sending these cases to the jury. *Simpson v. State*, Okl.Cr., 510

P.2d 280 (1973); *Gilmore v. State*, Okl.Cr., 461 P.2d 992 (1969). There is no indication of any valid defense that could be presented to the jury anywhere in the record.

 And where the trial court conducts an evidentiary hearing in an application for post conviction relief, and the evidence amply supports the court's findings of fact and conclusions of law, such findings of fact and conclusions of law will be adopted by this Court, and the court's order denying post conviction relief will be affirmed on appeal. *Simpson v. State*, supra; *Miller v. State*, Okl.Cr., 492 P.2d 370 (1971).

This Court is of the opinion that the evidence amply supports the trial court's finding of denial of post conviction relief in each case, and the same is hereby AFFIRMED.

CORNISH, P. J., and BRETT, J., concur.