**Billy Jack STOWE, Petitioner,**

v.

**The STATE of Oklahoma et al., Respondents.**

No. 0–80–190.

Court of Criminal Appeals of Oklahoma.

June 4, 1980.

### ORDER AFFIRMING DENIAL OF POST CONVICTION RELIEF

Appellant seeks review of an order of the District Court of Pontotoc County denying an application for Post-Conviction Relief in Case No. 4499. Appellant attacks the validity of his plea of guilty in that case entered on the 24th day of March, 1965. The District Court did not conduct an evidentiary hearing, but based its order on the records in the court file.

It is apparent that Appellant bases his application in large part on the alleged failure of the trial court to comply with procedures enunciated in court decisions handed down, in some instances, many years after his conviction, including *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) and *Smith v. Oklahoma City*, Okl.Cr., 513 P.2d 1327 (1973). This reliance is misplaced as such procedures have not been retroactively applied.

We are satisfied that the District Court order is amply supported by the court file submitted on appeal. Appellant was represented by counsel. The charge was reduced, and a certain sentence imposed, on recommendation of the prosecutor, and the District Court's conclusion that a plea bargain was involved is not disputed by Appellant on appeal. Appellant's awareness of his rights to a jury trial, to confront and cross examine witnesses, to plead not guilty and to appeal is reflected by his exercise of those rights in the course of proceedings leading up to the plea proceeding, and in the first prosecution of the charge which had been reversed and remanded by this

Court on direct appeal. The judgment and sentence instrument recites that Appellant was advised of his constitutional rights and the nature of the charge and consequences of his plea. Further, Appellant appeared in person and by counsel when, as recited in the instrument, he "entered his pleas of guilty."

Moreover, Appellant has not alleged, nor does it appear, that there was a defense which should be presented to the jury. See *Reed v. State*, Okl.Cr., 589 P.2d 1086 (1979).

Therefore, being fully advised in the premises, the order appealed from should be, and is hereby, AFFIRMED.

WITNESS OUR HANDS, and the Seal of this Court, this 4th day of June, 1980.

<div style="margin-left:2em">

TOM R. CORNISH, P. J.

TOM BRETT, J.

HEZ J. BUSSEY, J.