Clarence Lee SMITH, Appellant,

v.

OKLAHOMA CITY, Appellee.

No. C–73–153.

Court of Criminal Appeals of Oklahoma.

Aug. 30, 1973.

Mac Oyler, Oklahoma City, for appellant.

Walter M. Powell, Municipal Counselor, Michael Minnis, Asst. Municipal Counselor, Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Clarence Lee Smith, hereinafter referred to as defendant, was charged, and entered a plea of guilty in the Municipal Criminal Court of the City of Oklahoma City, to the charge of Procuring for the Purpose of Prostitution, Case No. 22143, and sentenced to a fine of One Hundred Dollars ($100.00) and thirty (30) days in the city jail. From said judgment and sentence, the defendant timely filed his petition for writ of certiorari, same being granted on July 17, 1973.

As this cause requires reversal, we deem it only necessary to discuss defendant's first proposition which asserts the trial court erred when he failed to inform the defendant of the nature and consequences of his guilty plea, including the minimum and maximum punishment provided by law, the defendant's right to counsel, and his right to a jury trial.

In the case of Copenhaver v. State, Okl. Cr., 431 P.2d 669 (1967), this Court stated at page 674:

"In all future cases where there is a plea of guilty, the procedure above set forth should be followed; provided, however, that prior to accepting a plea of guilty, the defendant should be informed of the nature and consequences of such plea [1],

1. In this connection the judge should advise the defendant of the minimum and maximum punishment provided by law for the crime of which the accused stands charged.

of his right to court-appointed counsel, if indigent, and his right to a jury trial, and the record should reflect an affirmative waiver of all of these rights prior to the acceptance of a plea."

In the instant case the record reveals the following, prior to the trial court accepting the defendant's plea:

"MR. SPRADLING: It is our desire to enter a plea of guilty, and I believe, the City Attorney's Office has a recommendation on that.

"THE COURT: This matter comes on a regular setting for jury trial at this time.

Mr. Spradling, you have made an announcement of a change of plea from not guilty to guilty. Is that what you desire to do?

You understand that the next order of business is for the Court to determine what the appropriate sentence would be in the case. Do you understand that the Court will listen to any recommendation that may be forthcoming from the prosecutor, but the Court is not bound to follow those recommendations? Do you both understand that?

"MR. SPRADLING: Yes. I have explained that to him.

"THE COURT: Is it still your desire to enter a plea of guilty to this charge with that understanding, Mr. Smith?

"MR. SMITH: Yes.

"THE COURT: Are you guilty of this offense?

"MR. SPRADLING: You have pled guilty. Yes.

"THE COURT: But, are you, in fact, guilty?

"MR. SMITH: Yes.

"THE COURT: All right. I will accept the plea.

Do you want sentence imposed this date or set over to a day certain?

"MR. SPRADLING: If we might have this set over to a day certain, because we are not actually prepared to pay a fine this morning.

"THE COURT: Or to go to jail, whichever the case may be.

"MR. SPRADLING: I would like a thirty day deferment.

"THE COURT: No, sir, that is too long. I will put it over to April 12, at 9:30 a. m., in Courtroom No. 3 for formal sentencing.

Thank you, sir."

■ It therefore appears from the record that the trial court did not inform the defendant of his right to a jury trial nor the minimum and maximum punishment provided by law for the crime of which he was charged as set out in *Copenhaver,* supra.

It is very difficult for this Court to conceive that the defendant was not aware of the fact that he had a right to a jury trial as the case was set for a jury trial on the date the defendant entered his plea of guilty. We further find it difficult to conceive that the defendant was not aware of the minimum and maximum punishment for the offense he was charged as he was represented by an able and experienced attorney. Nevertheless, as the record is silent as to these rights we will not presume the defendant waived these rights.

■ In order to clarify the procedure, for all future cases, to be followed by the trial court in determining whether a defendant is voluntarily and understandingly entering a plea of guilty, whether represented by court-appointed counsel, public defender, retained counsel, or appears without counsel, the trial court must first determine if the defendant is competent by interrogation of defense counsel and the defendant as to the defendant's past and present mental state as well as by observation of the defendant. In the event the court finds there is substantial question as to the competency of the defendant, the court should commit the defendant for observation as provided by law. If the trial court determines the defendant is competent, he must then advise the defendant:

1.  That he has a right to court-appointed counsel, if the defendant appears without counsel;

2.  That he has a right to trial by jury;

3.  That he has a right to be confronted by witness who would testify against him;

4.  That he has a privilege against compulsory self-incrimination guaranteed by the Fifth Amendment;

5.  The nature and consequences of such plea, including the minimum and maximum punishment provided by law for the crime of which he stands charged;

6.  That the trial court is not bound by any recommendation made by the prosecuting attorney or any agreement entered into by defense attorney and the prosecuting attorney.

■ An affirmative waiver of these requirements must be reflected in the record prior to the acceptance of a plea of guilty.

It is therefore our opinion that this cause must be, and the same is hereby, reversed and remanded with instructions to vacate the defendant's plea of guilty.

BLISS, P. J., and BRETT, J., concur.