Tommy Dice **COBBLER**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. C–74–106.

Court of Criminal Appeals of Oklahoma.

April 9, 1974.

Hack Welch, Hugo, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge:

Tommy Dice Cobbler, hereinafter referred to as defendant, pleaded guilty to the crime of Conspiracy to Commit Burglary, After Former Conviction of a Felony, in the District Court, Choctaw County, Case No. CRF–73–32, and received a five (5) year prison sentence.

█ Defendant now applies for a Writ of Certiorari and makes two assignments of error pertaining to the guilty plea. He asserts that his plea was involuntary and unknowing because he was not advised of the minimum and maximum possible sentences and of the right to be confronted by any witness who would testify against him.

The record of the plea minute indicates the defendant was adequately apprised of the potential sentences he might receive.

Defendant's second assignment, concerning the trial judge's failure to advise him of his right to confront the witnesses against him, is based upon this Court's decision in Smith v. Oklahoma City, Okl.Cr., 513 P.2d 1327. We feel the trial court properly complied with Smith v. Oklahoma City, supra, for we find the following questions and answers given in the transcript, beginning at page #1:

"BY THE COURT: Mr. Cobbler, you have indicated that you desire to enter a plea of guilty to this charge. Now, do you understand that you're entitled to a jury trial on this case?

A. Yes, sir; I do.

BY THE COURT: If you had a jury trial in this case, do you understand that the burden of proof would be upon the State of Oklahoma to prove the allegations of this information to the unanimous satisfaction of that jury, all twelve of them, beyond a reasonable doubt before you could be convicted of this offense? Do you understand that?

A. Yes, sir.

BY THE COURT: Do you understand that you would have a right to testify or not testify at the jury trial, as you so chose?

A. Yes, sir.

BY THE COURT: You understand that you could subpoena any witnesses that you wanted to come in here and testify in your behalf?

A. Yes, sir.

BY THE COURT: You understand that?

A. Yes, sir.

BY THE COURT: You understand that it would be up to the jury to determine if you were guilty or not guilty and if they found you not guilty you would be released and if they found you guilty they would set your punishment as provided by law? You understand that?

A. Yes, sir.

\* \* \*"

From the above, it can be seen that the trial court substantially complied with the procedure to be followed in Smith v. Oklahoma City, supra, and especially is this true, when the defendant plead guilty to a crime, After Former Conviction of a Felony.

In the first paragraph of the Syllabus in Peterson v. State, Okl.Cr., 473 P.2d 293, we stated:

"The words of the *Miranda* warning do not constitute a ritualistic formula which must be repeated without variation in order to be effective, but words which con- vey the substance of the warning along with the required information are sufficient."

We are of the opinion that the same holds true as to the procedure to be followed, as outlined in Smith v. Oklahoma City, supra, and hold that the trial court in the instant case, substantially complied with this procedure.

We believe that the trial court should follow the rule and the directives of Smith v. Oklahoma City, supra, in order to avert a direct or collateral attack; however, in order to meet constitutional standards promulgated by the Supreme Court of the United States and made obligatory on the States by the 14th Amendment, it is sufficient if the record affirmatively reflects that the defendant knowingly and intelligently entered a plea of guilty, with full knowledge of the nature and consequence of such plea and waived his right to a jury trial and/or the right to be represented by counsel. If these requirements are reflected by the record, or can be established, then the judgment and sentence rendered on the plea of guilty should not be disturbed for a failure to comply with a ritualistic formula.

For all of the above and foregoing reasons, the Writ of Certiorari is denied.

BLISS, P. J., and BRETT, J., concur.