**Clifford F. FEASTER, Petitioner,**

**v.**

**The STATE of Oklahoma, Respondent.**

**No. C–75–357.**

Court of Criminal Appeals of Oklahoma.

July 21, 1975.

Rehearing Denied Aug. 6, 1975.

**402**

Lucas & Cate, Norman, for petitioner.

Larry Derryberry, Atty. Gen., for respondent.

## OPINION

BLISS, Judge:

Appellant, Clifford F. Feaster, hereinafter referred to as defendant, entered pleas of guilty on the 4th day of March, 1975, in the District Court, Oklahoma County, in Case No. CRF–74–3628 to the offense of Robbery in the First Degree and in Case No. CRF–74–3136 to the offense of Grand Larceny, in violation of 21 O.S.1971, §§ 791 and 797 and 21 O.S.1971, § 1704, respectively. Thereafter on the 1st day of April, 1975, judgment and sentence was imposed in each of said cases and pursuant thereto defendant was sentenced to a term of twenty (20) years imprisonment in Case No. CRF–74–3628 and five (5) years imprisonment in Case No. CRF–74–3136, said sentences to run concurrently. Thereafter on the 11th day of April, 1975, defendant filed an application to withdraw his pleas of guilty in said cases; whereafter, on the 25th day of April, 1975, an evidentiary hearing was conducted at which time the defendant's application was denied.

Defendant contends the trial court erred in denying defendant's application to withdraw his plea of guilty in each case because defendant did not intelligently enter said pleas because he was not adequately advised by the court of his constitutional rights and, consequently, he did not voluntarily and intelligently waive said rights. Defendant asserts the trial court record supports him in this contention in that it reflects the trial judge failed to comply with the prerequisites for· acceptance of a plea of guilty as enunciated in previous decisions of this Court, citing *Copenhaver v. State*, Okl.Cr., 431 P.2d 669 (1967) and *Smith v. Oklahoma City*, Okl.Cr., 513 P.2d 1327 (1973).

Although the procedure outlined in *Smith, supra,* citing *Copenhaver, supra,* is not constitutionally mandated, it was designed to assist the trial judge in making the constitutionally required determination that a defendant's plea of guilty is truly voluntarily and intelligently entered. In *Smith, supra,* this Court set forth the procedure to be followed by the trial court in determining whether a defendant's plea of guilty was voluntarily and intelligently entered. In pertinent part this Court stated:

"In order to clarify the procedure, for all future cases, to be followed by the trial court in determining whether a defendant is voluntarily and understandingly entering a plea of guilty, whether

represented by court-appointed counsel, public defender, retained counsel, or appears without counsel, the trial court must first determine if the defendant is competent by interrogation of defense counsel and the defendant as to the defendant's past and present mental state as well as by observation of the defendant. In the event the court finds there is substantial question as to the competency of the defendant, the court should commit the defendant for observation as provided by law. If the trial court determines the defendant is competent, he must then advise the defendant:

"1. That he has a right to court-appointed counsel, if the defendant appears without counsel;

"2. That he has a right to trial by jury;

"3. That he has a right to be confronted by witness who would testify against him;

"4. That he has a privilege against compulsory self-incrimination guaranteed by the Fifth Amendment;

"5. The nature and consequences of such plea, including the minimum and maximum punishment provided by law for the crime of which he stands charged;

"6. That the trial court is not bound by any recommendation made by the prosecuting attorney or any agreement entered into by defense attorney and the prosecuting attorney.

"An affirmative waiver of these requirements must be reflected in the record prior to the acceptance of a plea of guilty."

However, we further note this Court's language in *Cobbler v. State*, Okl.Cr., 521 P.2d 838 (1974), the progeny of *Smith, supra*, wherein in pertinent part it reads:

"In the first paragraph of the Syllabus in *Peterson v. State*, Okl.Cr., 473 P.2d 293, we stated:

" 'The words of the *Miranda* warning do not constitute a ritualistic formula which must be repeated without variation in order to be effective, but words which convey the substance of the warning along with the required information are sufficient.'

"We are of the opinion that the same holds true as to the procedure to be followed, as outlined in *Smith v. Oklahoma City, supra*, and hold that the trial court in the instant case, substantially complied with this procedure.

"We believe that the trial court should follow the rule and the directives of *Smith v. Oklahoma City, supra*, in order to avert a direct or collateral attack; however, in order to meet constitutional standards promulgated by the Supreme Court of the United States and made obligatory on the States by the 14th Amendment, it is sufficient if the record affirmatively reflects that the defendant knowingly and intelligently entered a plea of guilty, with full knowledge of the nature and consequence of such plea and waived his right to a jury trial and/or the right to be represented by counsel. If these requirements are reflected by the record, or can be established, then the judgment and sentence rendered on the plea of guilty should not be disturbed for a failure to comply with a ritualistic formula."

■ Assuming the plea minute of March 4 was the only record before us, we would be compelled to find that the District Judge did not fully adhere to the procedure outlined in *Smith, supra,* and such an infirmity would render the defendant's pleas of guilty invalid as not having been voluntarily and intelligently entered. We further note that the minute of the pleas of March 4 is not illustrative of a procedure which should be emulated by trial judges. However, we must examine the plea minute before us together with the supplementary record made at the hearing on the application to withdraw the defendant's pleas of guilty. This type of supplementation of the original plea minute for

the Court's consideration is proper in light of *Cobbler, supra*.[1]

The language in *Cobbler, supra,* allows the trial court and this Court, in determining whether or not a plea of guilty was voluntarily and intelligently entered, to consider the testimony taken at a hearing on an application to withdraw plea of guilty. This is certainly consistent with the language of the United States Supreme Court in *Brady v. United States*, 397 U.S. 742, at 749, 90 S.Ct. 1463, at 1469, 25 L. Ed.2d 747, at 757.[2]

■ An examination of the entire record before us illustrates the trial judge complied with the directives of *Smith, supra*.

Specifically, the minute of the defendant's pleas affirmatively reflects that the defendant was assisted by counsel, and thus this satisfies the first requirement of *Smith, supra*.[3] The minute further reflects that the trial judge advised the defendant of the nature and consequences of his plea to which the defendant indicated his understanding; thus satisfying the fifth requirement of the procedure outlined in *Smith, supra*.[4]

Requirements number two, three, and four of *Smith, supra,* involve defendant's constitutional rights. As stated by the United States Supreme Court in *McCarthy v. United States*, 394 U.S. 459, at 466, 89 S.Ct. 1166, at 1171, 22 L.Ed.2d 418, at 425:

> "These two purposes have their genesis in the nature of a guilty plea. A defendant who enters such a plea simultaneously waives several constitutional rights, including his privilege against compulsory self-incrimination, his right to trial by jury, and his right to confront his accusers. For this waiver to be valid under the Due Process Clause, it must be 'an intentional relinquishment or abandonment of a known right or privilege.' *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 [1466, 146 A.L. R. 357] (1938). Consequently, if a defendant's guilty plea is not equally voluntary and knowing, it has been obtained in violation of due process and is therefore void. Moreover, because a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts." (Footnotes Omitted)

With this language in mind, we feel requirement number two is affirmatively re-

---

1. This Court's language in *Cobbler* stated that the necessary requirements are met if "are reflected by the record, *or can be established,* then the judgment and sentence rendered on the plea of guilty should not be disturbed for a failure to comply with a ritualistic formula." (Emphasis Added)

2. The language in *Brady, supra,* reads as follows:
 "The trial judge in 1959 found the plea voluntary before accepting it; the District Court in 1968, after an evidentiary hearing, found that the plea was voluntarily made; the Court of Appeals specifically approved the finding of voluntariness. We see no reason on this record to disturb the judgment of those courts. Petitioner, advised by competent counsel, tendered his plea after his codefendant, who had already given a confession, determined to plead guilty and became available to testify against petitioner. It was this development that the District Court found to have triggered Brady's guilty plea."

Such language is indicative of approval of considering the record in its entirety rather than a narrowed examination of simply the record made at the time of acceptance of the plea which may in itself be incompletely transcribed.

3. The plea minute reflects the Petitioner was represented by counsel on March 4 as indicated in the record:
 "THE COURT: State of Oklahoma versus Clifford F. Feaster.
 "Are you Mr. Feaster?
 "THE DEFENDANT: Yes, sir.
 "THE COURT: Come around.
 "Mr. Elliott your attorney?
 "THE DEFENDANT: Yes, sir."

4. The plea minute at Tr. 2, Lines 20 through 23 illustrates this, wherein it reads:
 "THE COURT: A minimum sentence of five years and there is no maximum for this robbery charge. You understand that?
 "THE DEFENDANT: Yes, sir."

flected as having been satisfied by the defendant's response at the hearing on the application to withdraw his plea of guilty wherein he admitted to having been advised by the trial judge of his right to a jury trial and his desire to waive such right.[5]

We further feel requirements three and four were satisfied as indicated in the record as the defendant, prior to the entry of his pleas of guilty, while assisted by counsel, prepared the summary of facts sheet;[6] thereafter the trial judge made inquiry of defendant regarding the summary of facts sheet.[7]

Here again the signature of the defendant on the summary of facts sheet illustrates an "intentional relinquishment or abandonment of a known right or privilege." See *Johnson v. Zerbst*, 304 U.S.

---

5. This is illustrated in the record at Tr. 17 and 18, Lines 10 through 4 as follows:

"Q. Did the Court advise you at that time that you were entitled to a jury trial? Didn't the Judge ask—advise you that you were entitled to have a jury trial?
"A. Yes, sir.
"Q. And you at that time told him you did not want a jury trial, is that correct?
"A. Mr. Elliott felt I would be better off pleading guilty.
"Q. You didn't answer my question. The Judge asked you the question whether you wanted a jury trial, and you answered either 'yes' or 'no.' What was your answer to that question at that time?
"A. Yes.
"Q. It was 'Yes.' And if you had wanted a jury trial, you could have said 'no' at that time in front of the Judge, could you not?
"A. Yes, sir.
"Q. But you said, yes, you do not want a jury trial, is that correct?
"A. Yes, sir."
and at Tr. 27, Lines 1 through 11 wherein it states:
"A. The jury was here, ready.
"Q. Yes. They were ready to try you?
"A. Yes, sir.
"Q. The State was ready to go, proceed?
"A. Yes.
"Q. And you decided you did not want a jury trial. Isn't that what happened?
"A. Yes, sir.
"Q. Well, then, you could have had a jury trial if you so had desired at that time, is that correct?
"A. Yes, sir."

6. See Appendix I for said Summary of Facts sheet.

7. This finding is supported by the record wherein it states at Tr. 19, Lines 8 through 13 as follows:
"THE COURT: I think he is looking at the Summary of Facts and you're looking at what was said. The Summary of Facts was filled out on March the 4th and the—and this record that I furnished to you at the expense of the County was made at the time he was sentenced on April the 1st or whenever it was."

Tr. 21 and 22, Lines 14 through 6 as follows:
"MR. LUCAS: If it please the Court, we do now object to counsel's continued reference to whether or not the Court asked these questions when it's already been stated by the Court that his counsel helped him fill out this form and not the Court, and the record does not reflect the Court asking these questions.
"THE COURT: Overruled.
"MR. LUCAS: Exception.
"THE COURT: I'm quite sure the Court did ask the questions. He and his counsel— he and his counsel sat down at the table and went over the questions and Mr. Elliott filled them out, it's in Mr. Elliott's handwriting. But when I came into the courtroom, I always take the Summary of Facts and go over them myself to see that they understand it before I accept their plea of guilty. And I—I'm quite sure the Court did go over that before I asked for a pre-sentence investigation, because at that time we had a jury here and he could have received a trial."
Tr. 51 and 52, Lines 13 through 6 as follows:
"THE COURT: Well, the record reflects it. Now you're trying to change it. The record—the record reflects that he and his lawyer sat down and filled out this Summary while they were waiting for the Court to appear. After—after the district attorney and Mr. Elliott in chambers advised the Court the case would not be for trial. It was sent down to me for trial, and both of the attorneys appeared and they—they said they had been unable to work out anything, but Mr. Elliott informed me in chambers that he had talked to his client and he was going to plead him blind to the Court and wanted a pre-sentence investigation. So I'll tell you I can remember it distinctly because it hasn't been very long ago. And I told him to go in and prepare a Summary of Facts and I would be in after taking care of other matters. I came in and he had the Summary of Facts prepared and submitted it to the Court. He had already prepared his Summary of Facts before I came on the bench. And that's the way I— that's the way I handle all these cases and that's the way I handled this one. And he

458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461, 1466 (1938).

The last requirement of Smith, number six, is reflected as substantially complied with by the defendant's admission at the hearing on the application to withdraw his plea of guilty at which time he testified that, prior to the entry of his pleas of guilty, the Court informed him of what the State's recommendation of punishment would be.[8] Again this is allowed by *Cobbler, supra,* in that it can be established that the trial judge complied with the requirement mandated by *Smith, supra.* We further note this requirement is essential as we promote the concept of plea bargaining and we feel such promotion is consistent with the United States Supreme Court's statement in *Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed. 2d 427 (1971) wherein the Supreme Court discussed the legitimacy of the practice of plea bargaining and found that where "properly administered" it is to be "encouraged" as an "essential" and "essential component of the administration of justice." Found at pages 260–261, 92 S.Ct. at page 498.

 In passing, we feel it necessary to attempt once again to clarify the procedure to be followed by the trial court in all future cases in determining whether or not a defendant's plea of guilty is voluntarily and intelligently entered. We urge all trial courts to adhere fully to the directives of *Smith, supra.*

We further urge that if a summary of facts sheet on a defendant's plea of guilty be utilized, the trial judge shall comply with the following procedure and we approve and *urge* adoption of such a device if the following procedure is complied with by the trial judge:

1. Summary of facts sheet must be filled out in its entirety and signed by the defendant and if represented by counsel, with counsel, prior to the trial judge's acceptance of the defendant's plea of guilty;

2. At the acceptance of the defendant's plea of guilty, the prepared summary of facts sheet must be submitted to the court and the trial judge shall then inquire of the defendant, while the defendant be under oath, whether or not the defendant desires the trial judge to ask the defendant each specific question on the summary of facts sheet or if a defendant so desires then he may, under oath, acquiesce to the trial judge that he has read the summary of facts sheet, signed the summary of facts sheet, and voluntarily and intelligently answered the summary of facts sheet;

3. If the defendant so indicates, the trial judge must then sign and date the summary of facts sheet and so indicate by minute if the imposition of judgment and sentence is postponed to a time certain for preparation of a presentencing report and a summary of facts sheet shall then be admitted into evidence as a State's exhibit; and

4. The summary of facts sheet must then be properly filed on that day with the court clerk.

came in and filled out his Summary of Facts."
and Tr. 61, Lines 12 through 15:
"THE COURT: I will state for the record that I—I don't ever sentence anybody without advising them fully of their constitutional and statutory rights, and it was done in this case."

8. This finding is supported by the record at Tr. 20 and 21, Lines 20 through 6 wherein it states:
"Q. (By Mr. Funk) Now, Mr. Witness, prior to the time that you did enter a plea of guilty, the Court advised you what the State had recommended, what the recommended punishment would be if you entered a plea of guilty, did he not?
"A. Yes, sir.
"Q. He told you that he would—in the event that you entered a plea of guilty, that the—the State would recommend a twenty-five year punishment. Is that not true?
"A. Yes, sir.
"Q. And after you had had that information, you—you did enter a plea of guilty, is that correct?
"A. Yes, sir."

We also emphasize that the summary of facts sheet on a defendant's plea of guilty shall contain all of the mandates of *Smith, supra*, to be in compliance with this Court's Opinion of today. For all of the above and foregoing reasons, the writ of certiorari is denied.

BUSSEY, J., concurs.

## APPENDIX I

Revised: September, 1974

IN THE DISTRICT COURT AND FOR OKLAHOMA COUNTY, STATE OF OKLAHOMA

THE STATE OF OKLAHOMA,
 Plaintiff, )
 -vs- )
Clifford F. Feaster )
 Defendant. )

No. *CRF-74-3136*
No.
No.
No.

TIME TO DO

**PLEA OF GUILTY: SUMMARY OF FACTS**
(One or more charges)

1. Is the name just read to you your true name? A. *yes*

2. How old are you now? A. *25* years of age.

3. Is Mr. *Elliott* your lawyer? A. *yes*

4. Are you taking any kind of medication? A. *no* If so, what kind and when did you last take it? A. _____

5. Have you ever been confined in a hospital for mental care or observation? A. *yes*
 If so, state: a. Dates of confinement *1967 + 1973 + 1974*
 b. Name of hospital *Central State Hospital*
 c. Discharge diagnosis *Competent*

6. Have you ever been treated by a doctor for a mental illness, even though not confined? A. *yes*
 If so, state: d. Dates of treatment *1966*
 e. Name and address of treating doctor *Dr. Sizney, Sequoyah Bldg. OC.*
 f. Discharge diagnosis *Competent*

7. Counsellor, do you have any reason to believe your client is not mentally competent to appreciate and understand the nature, purpose and consequences of this proceeding and to assist his attorney in presenting any defense he may have to this charge? A. *no*

FINDING: The Court finds the defendant is mentally competent to understand the nature and consequences of this proceeding.

8. You know you are charged with *theft over $50.00* ? A. *yes*

9. Have you and your lawyer had a copy of the charge(s)? A. *yes*

10. Do you know that the maximum punishment provided for the crime(s), as now charged, is imprisonment for *ten (10)* years and _____ and the minimum is imprisonment for *One (1)* years and _____. A. *yes*

11. Do you understand that on plea(s) of guilty you may be sentenced to a term of imprisonment within these limits? A. *yes*

12. Do you understand you have a privilege against compulsory self-incrimination? A. _____

13. You know that you are entitled to a speedy jury trial on the charges(s), and to face your accusers at the trial(s)? A. *yes*

14. Do you want a speedy jury trial? A. *no*

15. Have you talked over the charges(s) (and each of them) with your lawyer, understand your rights, and had his advice in the matter(s) and has he served you well? A. *yes*

16. Do you wish to enter your plea(s) now and be sentenced now? A. _Yes_
_after pre-sentence report_

17. You stand now on a plea of not guilty. In the event you should change your plea to guilty what do you understand the prosecution will recommend as the punishment to be imposed? A. _Fine (5) years._

18. What _is_ your plea(s) to the charges(s), (and to each one of them)? A. _Guilty_

19. Do you plead guilty on your own free well, and without any coercion or compulsion of any kind from any person, either official or private person? A. _Yes_

20. Do you plead guilty only for the sole reason that you are guilty and you admit that you did all the acts charged? A. _Yes_

21. Have you been abused, mistreated, or threatened, or promised anything, by anyone, to have you enter your plea(s) (or any one of them)? A. _No_

22. (Recommendation for sentence by District Attorney's Office: _Fine (5) yrs C.C. with CRF-74-3628._)

23. You and your attorney heard the recommendation? A. _Yes_

24. Do you understand that the Trial Court is not bound by any recommendation made by the prosecuting attorney or any agreement entered into by defense counsel and the prosecuting attorney? A. _Yes_

25. Do you or your attorney have anything more to say, or do you know of any reason why you should not be sentenced now in accordance with the recommendation? A. _____

Counsellor, do you have any reason to believe that your client was not mentally competent to appreciate and understand the nature, purpose and consequences of his acts at the time they were committed and out of which the charges contained in the Information arose? A. _____

FINDING: The Court finds the defendant was mentally competent to appreciate and understand the acts he committed on or about the date alleged in the Information, and to realize the nature, purpose and consequences of those acts at the time they were committed. The Court further finds the plea(s) of guilty entered herein ha(s)(ve) been knowingly and voluntarily entered.

26. Memorandum of Sentence: _____

27. You are to pay the Court costs (any any other costs) in the amount of $_____ on or before _____.

28. You have the right to file a petition in the Court of Criminal Appeals for a Writ of Certiorari; that is, a request for that Court to review this judgment and sentence. It may be granted or denied. Do you understand that? A. _____

29. To appeal from this conviction on your plea of guilty you must file an application to withdraw the plea of guilty within ten (10) days from this date setting forth in detail the grounds for such withdrawal of the plea and requesting an evidentiary hearing in the trial court, and said trial court must hold said evidentiary hearing and deny said application within thirty (30) days from the date of filing same. No question may be raised in the petition for Writ of Certiorari which requires an evidentiary hearing unless the same has been raised in the application to withdraw plea in the trial court and a hearing held thereon. Do you understand that? A. _____

30. Petition for a Writ of Certiorari must be filed in the Court of Criminal Appeals within ninety (90) days from this date. Notice of such filing must be given within five (5) days thereafter by serving a copy of the petition for Writ of Certiorari on the prosecuting attorney who prosecuted the petitioner and on the Attorney General. Do you understand that? A. _____

31. Have you fully understood the questions that have just been asked you and the answers you have given each question, and are they your free and voluntary answers to these questions as asked and without any compulsion of any kind? A. _____

32. Done in open Court this _____ day of _____, 19_____.

33. (This is to be filed in the case as a part of the trial minutes.)

_Michael V. Emmons_
Assistant District Attorney

_____
DISTRICT JUDGE

_John J. Elliott_
Attorney for Defendant

_Danny E. Biger_
OFFICIAL COURT REPORTER/PRESENT

_____
DEPUTY COURT CLERK PRESENT

_____

_____

I, the defendant in this (these) case(s) and my attorney have read the above and foregoing SUMMARY OF FACTS and it is a true statement of the questions asked and my answers to them. I approve this summary and do not desire to change it or add anything to it.

X _Clifford F. Feaster_
The Defendant

Revised: September, 1974

IN THE DISTRICT COURT AND FOR OKLAHOMA COUNTY, STATE OF OKLAHOMA

THE STATE OF OKLAHOMA,
Plaintiff,
-vs-
_Clifford F. Feaster_
Defendant.

No. _CRF-74-30_
No. _____
No. _____
No. _____

FILED IN THE DISTRICT COURT
OKLAHOMA COUNTY, OKLA.
APR 1 1975
DAN GRAY, Court Clerk
By _____
DEPUTY

74-36.28
74-31.36

TIME TO DO
PLEA OF GUILTY: SUMMARY OF FACTS
(One or more charges)

1. Is the name just read to you your true name? A. _yes_

2. How old are you now? A. _25_ years of age?

3. Is Mr. _Elliott_ your lawyer? A. _yes_

4. Are you taking any kind of medication? A. _no_ If so, what kind and when did you last take it? A. _____

5. Have you ever been confined in a hospital for mental care or observation? A. _yes_
 If so, state: a. Dates of confinement _1967, 1973 & 1974_
 b. Name of hospital _Central State Hospital_
 c. Discharge diagnosis _Competent_

6. Have you ever been treated by a doctor for a mental illness, even though not confined? A. _yes_
 If so, state: d. Dates of treatment _1966_
 e. Name and address of treating doctor _Dr. Sidney._
 _Sequoyah Bldg. OKC._
 f. Discharge diagnosis _Competent_

7. Counsellor, do you have any reason to believe your client is not mentally competent to appreciate and understand the nature, purpose and consequences of this proceeding and to assist his attorney in presenting any defense he may have to this charge? A. *no*

 FINDING: The Court finds the defendant is mentally competent to understand the nature and consequences of this proceeding.

8. You know you are charged with *Robbery in the 1st degree by force & fear* ? A. *yes*

9. Have you and your lawyer had a copy of the charge(s)? A. *yes*

10. Do you know that the maximum punishment provided for the crime(s), as now charged, is imprisonment for *life* years and _____ and the minimum is imprisonment for *five (5)* years and _____ . A. *yes*

11. Do you understand that on plea(s) of guilty you may be sentenced to a term of imprisonment within these limits? A. *yes*

12. Do you understand you have a privilege against compulsory self-incrimination? A. *yes*

13. You know that you are entitled to a speedy jury trial on the charges(s), and to face your accusers at the trial(s)? A. *yes*

14. Do you want a speedy jury trial? A. *no*

15. Have you talked over the charges(s) (and each of them) with your lawyer, understand your rights, and had his advice in the matter(s) and has he served you well? A. *yes*

16. Do you wish to enter your plea(s) now and be sentenced now? *After pre sentence report?* A. *yes*

17. You stand now on a plea of not guilty. In the event you should change your plea to guilty what do you understand the prosecution will recommend as the punishment to be imposed? A. *25 yrs.* _____

18. What *is* your plea(s) to the charges(s), (and to each one of them)? A. _____ *Guilty*

19. Do you plead guilty your own free well, and without any coercion or compulsion of any kind from any person, either official or private person? A. *yes*

20. Do you plead guilty only for the sole reason that you are guilty and you admit that you did all the acts charged? A. *yes*

21. Have you been abused, mistreated, or threatened, or promised anything, by anyone, to have you enter your plea(s) (or any one of them)? A. *no*

22. (Recommendation for sentence by District Attorney's Office: *25 yrs to run C.C. with CRF-74-3136* .)

23. You and your attorney heard the recommendation? A. *yes*

24. Do you understand that the Trial Court is not bound by any recommendation made by the prosecuting attorney or any agreement entered into by defense counsel and the prosecuting attorney? A. *yes*

25. Do you or your attorney have anything more to say, or do you know of any reason why you should not be sentenced now in accordance with the recommendation? A. *no*

 Counsellor, do you have any reason to believe that your client was not mentally competent to appreciate and understand the nature, purpose and consequences of his acts at the time they were committed and out of which the charges contained in the Information arose? A. _____ *no*

 FINDING: The Court finds the defendant was mentally competent to appreciate and understand the acts he committed on or about the date alleged in the Information, and to realize the nature, purpose and consequences of those acts at the time they were committed. The Court further finds the plea(s) of guilty entered herein ha(s)(ve) been knowingly and voluntarily entered.

26. Memorandum of Sentence: _20 years in penitentiary in 74-3628_
_Five years in 74-3136 to run concurrently_

27. You are to pay the Court costs (any any other costs) in the amount of $____
on or before _____.

28. You have the right to file a petition in the Court of Criminal Appeals for a Writ
of Certiorari; that is, a request for that Court to review this judgment and
sentence. It may be granted or denied. Do you understand that? A. _yes_

29. To appeal from this conviction on your plea of guilty you must file an application
to withdraw the plea of guilty within ten (10) days from this date setting forth
in detail the grounds for such withdrawal of the plea and requesting an evidentiary
hearing in the trial court, and said trial court must hold said evidentiary hearing
and deny said application within thirty (30) days from the date of filing same. No
question may be raised in the petition for Writ of Certiorari which requires an
evidentiary hearing unless the same has been raised in the application to withdraw
plea in the trial court and a hearing held thereon. Do you understand that?
A. _yes_

30. Petition for a Writ of Certiorari must be filed in the Court of Criminal Appeals
within ninety (90) days from this date. Notice of such filing must be given within
five (5) days thereafter by serving a copy of the petition for Writ of Certiorari
on the prosecuting attorney who prosecuted the petitioner and on the Attorney
General. Do you understand that? A. _yes_

31. Have you fully understood the questions that have just been asked you and the
answers you have given each question, and are they your free and voluntary answers
to these questions as asked and without any compulsion of any kind? A. _yes_

32. Done in open Court this __1__ day of __April__, 19_75_.

33. (This is to be filed in the case as a part of the trial minutes.)

_Michael L. Emmons_
Assistant District Attorney

_Doctone_
DISTRICT JUDGE

_John L. Elliott_
Attorney for Defendant

_Clarence E. Burgess_
OFFICIAL COURT REPORTER PRESENT

_Susan Morris_
DEPUTY COURT CLERK PRESENT

I, the defendant in this (these) case(s) and my attorney have read the above
and foregoing SUMMARY OF FACTS and it is a true statement of the questions asked
and my answers to them. I approve this summary and do not desire to change it
or add anything to it.

_Clifford F. Feaster_
The Defendant