Dorothy Mae **STEWART**, Appellant,

v.

**The STATE of Oklahoma, Appellee.**

**No. F–76–909.**

Court of Criminal Appeals of Oklahoma.

Sept. 1, 1977.

John T. Elliott, Public Defender, John Stuart, Asst. Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Alan Foster, Legal Intern, for appellee.

## OPINION

BRETT, Judge:

Appellant, Dorothy Mae Stewart, hereinafter referred to as defendant, was charged in the District Court, Oklahoma County, Case No. CRF–75–3803, with the offense of Possession of Heroin With Intent to Distribute, in violation of 63 O.S.1971, § 2–401.

The case was tried to a jury, defendant being convicted of the lesser included offense of Possession of Heroin. Punishment was assessed at ten (10) years' imprisonment. From said judgment and sentence a timely appeal has been perfected to this Court.

At trial, the State presented the testimony of three police officers, who stated in substance that on a day certain in October, 1975, they had occasion to serve a search warrant on defendant's home. Eight balloons of heroin were found in a night stand in the defendant's bedroom. Hypodermic syringes were also found. A person who arrived at the defendant's home during the course of the search, was searched as well, heroin was found on his person. A State chemist identified the substance in the balloons as heroin.

The defendant testified in her own behalf, and denied any knowledge of the presence of the heroin, although she admitted to having been addicted to heroin at one time, stating that she financed her $150.00 day habit through prostitution. She further denied selling heroin at any time.

Prior to trial, plea negotiations were entered into between defendant and the State, whereby it was agreed that if the defendant pled guilty to the crime of Possession of Heroin, the State would recommend a two (2) year sentence. This "bargain" was presented to the trial court immediately prior to trial. In accordance with the law, the court advised the defendant of her constitutional rights. The court also advised the defendant that she was not bound to accept the State's recommendation for sentencing. At this point the following dialogue occurred as reflected in the record:

"THE COURT: All right, I notice in this charge of 3803 here within that they have charged that you had heroin within your possession on October 7, 1975? Is that true? Did you have heroin in your possession?

"MS. STEWART: No, sir.

"THE COURT: You did not?

"MS. STEWART: No, sir.

"THE COURT: Where was it?

"MS. STEWART: They took it off of a guy that came in my apartment.

"THE COURT: It was in your apartment?

"MS. STEWART: Yes, sir.

"THE COURT: Well, that might or might not be possession but it depends on whether you were aware of it or had any reason to be aware of it? Did you know he had the heroin?

"MS. STEWART: No, sir.

"THE COURT: You did not have any knowledge of it?

"MR. WOMACK: Your Honor, may I—I went over this with her and the same thing you are going through.

"THE COURT: Yes?

"MR. WOMACK: (Continuing)—and, after going over it, I told her that, what the evidence would be, and that it was my opinion that the State's evidence would prevail and that she would be better off to enter a plea of guilty based on that and I explained the matter. She does have some reservations about her position but, in spite of that, she agreed with me out there that she would enter a plea of guilty without reservation.

"THE COURT: All right, but, now, I cannot take a plea of guilty to something you did not do. I will not be a party to something that did not happen. This is a place where we have to be truthful with each other, be fair as I know how to be and I expect you to be truthful with me.

"MS. STEWART: Yes.

"THE COURT: It is sometimes not easy to admit when you have done something illegal but, if you ever do admit it, this is the place to do it now. I don't want you, however, to admit it if you did not do it. I want you to do whatever is right and truthful but, now, I want to ask you once more, did you have any heroin at all in your possession?

"MS. STEWART: No, sir.

"THE COURT: Did you know that your boyfriend had any heroin about him at all?

"MS. STEWART: Not until they took it off of him.

"THE COURT: You didn't know it until who took it off of him?

"MS. STEWART: The police.

"THE COURT: The police, and that is the first you know if it?

"MS. STEWART: Yes, sir.

"THE COURT: What is your evidence about that, Mr. Spiegle?

"MR. SPIEGLE: Your Honor, the officer would testify they came in pursuant to a valid search warrant to the apartment of the defendant, that they searched the room about which she was staying. She had her clothes in there, her purse in there; the evidence would be that they took balloons containing heroin from a night stand in her bedroom.

"THE COURT: Okay, now.

"MR. WOMACK: Your Honor, I talked to the officer too, and that is what he told me.

"THE COURT: All right, then, how do you explain that?

"MS. STEWART: Well, they didn't—they didn't find any balloons in my bedroom. The way they obtained the heroin is through—that they took off of Sonny Francis. Now, this is how it came up with the heroin, and was found.

"THE COURT: And, you think the only heroin they found was on him and not any in your bedroom at all?

"MS. STEWART: Yes.

"THE COURT: Gentlemen, that presents a conflict here that just indicates not guilty sure as the world. I think there is no way that I can resolve that.

"MR. WOMACK: Well, Your Honor, that has been held by the Federal Court that a person could enter a plea.

"THE COURT: Even when they are not guilty?

"MR. WOMACK: No, but when they don't admit it, they are faced with the evidence that is against them. I don't know if the State Courts followed that or not but the local judges here have.

"THE COURT: But, not I.

"MR. WOMACK: Well, I—

"THE COURT: I simply cannot do that. I will not permit any person to plead guilty in my Court when they contend that they are really not guilty, even though they feel that the Court might be more lenient with them than a jury might be under the evidence.

"I'm sorry, gentlemen, these proceedings are ended. We will go to the jury."

The defendant asserts that it was error for the trial judge to refuse to accept her plea of guilty. As far as we can determine this is a case of first impression in Oklahoma. Recently, the legislature has enacted legislation permitting a defendant in a criminal case to plead "nolo contendere." See, 22 O.S.Supp. 1976, § 513.

A defendant has no Federal constitutional right to have his guilty plea accepted by the court. *Lynch v. Overholser*, 369 U.S. 705, 82 S.Ct. 1063, 8 L.Ed.2d 211 (1962). It is also true that a desire to lessen the punishment is a constitutionally valid reason for entering a plea of guilty. *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). Further, in *Alford* it is stated:

". . . Thus, while most pleas of guilty consist of both a waiver of trial and an express admission of guilt, the latter element is not a constitutional requisite to the imposition of criminal penalty. An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime."

However, the federal rules of criminal procedure, Rule 11, provide that before entering judgment on a plea of guilty, the Court must satisfy itself that there is a factual basis for the plea.

*King v. State*, Okl.Cr., 553 P.2d 529 (1976) contains this Court's latest comprehensive statement on guilty pleas. There we indicated that before accepting such a plea the trial court should determine from the defendant if there is a factual basis for the plea. See Rule 3, B–2. However, the plea in this case was tendered five days prior to the effective date of *King*, and thus the rules promulgated there are not strictly applicable here. Neither *Smith v. Oklahoma City*, Okl.Cr., 513 P.2d 1327 (1973) nor *Feaster v. State*, Okl.Cr., 539 P.2d 401 (1975), speak directly to this issue, although the summary of fact sheet contained in the appendix to *Feaster* contains one question, Number 20, which asks if there is a factual basis for the plea. It would thus appear that whether or not a defendant had to admit his guilt in order to have his guilty plea accepted was, at the time this plea was tendered, a matter of discretion with the trial court. In this case the trial court did not abuse its discretion in refusing to accept the defendant's tendered plea.

The foregoing considered, we are of the opinion that the interest of justice would be best served by modifying the defendant's sentence from ten (10) years to five (5) years' imprisonment, and otherwise AFFIRMED.

BUSSEY, P. J., concurs.