The STATE of Oklahoma, Appellant,

v.

Vernell Elbert DURANT, Appellee.

No. PC–79–409.

Court of Criminal Appeals of Oklahoma.

April 8, 1980.

David Young, Dist. Atty., Sapulpa, for the State.

Richard A. Woolery, Sapulpa, for Durant.

## ORDER REVERSING AND REMANDING APPLICATION FOR POST–CONVICTION RELIEF

The State of Oklahoma appeals from an order of the District Court of Creek County sustaining an application for post conviction relief in Case No. CRF–76–180. The District Court ordered that the judgment and sentence, which had been entered upon the appellee's negotiated plea of guilty, be vacated and that the appellee be rearraigned. The order appears to be based upon the fact that the minute of the plea proceeding does not reflect full compliance with the guilty plea acceptance guidelines set out by this Court in *King v. State*, Okl.Cr., 553 P.2d 529 (1976).[1] The District Court refused to conduct an evidentiary hearing and entered judgment on the pleadings and record for the appellee.

We are of the opinion that this cause must be reversed and remanded for further consideration. It is apparent from a reading of the application, amended application and the order, that this relief was requested and granted for a failure to comply on the record of the plea proceeding, with a perceived rigid and unyielding plea acceptance procedure. However, this Court has previously held that substantial as versus absolute compliance with plea guidelines developed by this Court may suffice, if the record otherwise reflects a constitutionally valid plea. This Court held in *Cobbler v. State*, Okl.Cr., 521 P.2d 838 (1974), as follows:

"We believe that the trial court should follow the rule and directives of *Smith v. Oklahoma City*, [Okl.Cr., 513 P.2d 1327] in order to avert a direct or collateral attack; however, in order to meet constitutional standards promulgated by the Supreme Court of the United States and made obligatory on the States by the 14th Amendment, it is sufficient if the record affirmatively reflects that the defendant knowingly and intelligently entered a plea of guilty, with full knowledge of the nature and consequence of such plea and waived his right to a jury trial and/or the right to be represented by counsel. If these requirements are reflected by the record, or can be established, then the judgment and sentence rendered on the plea of guilty should not be disturbed for a failure to comply with a ritualistic formula."

This approach is a reflection of the fact that the constitutional validity of a guilty plea is not wholly dependent upon express mention and waiver of particular rights, such as embodied in our plea guidelines, so long as the record otherwise establishes a truly voluntary and intelligent plea. See a discussion of *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), in *Tipton v. State*, Okl.Cr., 498 P.2d 429 (1972); *State v. Martinez*, 89 N.M. 729, 557 P.2d 578 (1978), *cert. denied*, 90 N.M. 8, 558 P.2d 620, *cert. denied*, 430 U.S. 973, 97 S.Ct. 1663, 52 L.Ed.2d 367 (1977); and, *People v. Williams*, 16 Ill.App.3d 199, 305 N.E.2d 544 (1973).

In addition, this Court has previously held that the record from which the validity of a guilty plea must be assessed is not limited to that developed at the plea proceeding. We spoke to this issue in *Feaster v. State*, Okl.Cr., 539 P.2d 401 (1975), as follows:

". . . However, we must examine the plea minute before us together with the supplementary record made at the hearing on the application to withdraw the defendant's plea of guilty. This type

---

1. The minute does not indicate that the court inquired as to a factual basis for the plea, nor as to the competency of the appellee in terms of his present and past mental status; nor that the appellee was advised of his presumption of innocence and his right to plead not guilty and exercise all his rights; nor that the burden of proof beyond a reasonable doubt would rest on the State, nor did the court expressly inquire, according to the minute, as to whether the plea was voluntary and not the result of force, threats or coercion. The minute does not indicate that the complaint or information on the reduced charge were read to the appellee and, although not expressly required by *King v. State*, supra, this is certainly relevant, though not necessarily conclusive, as to whether appellee had the requisite understanding of the charge to which he pleaded. See *Henderson v. Morgan*, 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976).

of supplementation of the original plea minute for the Court's consideration is proper in light of *Cobbler, supra.*[1]

[1] This Court's language in *Cobbler* stated that the necessary requirements are met if [they] 'are reflected by the record, *or can be established*, then the judgment and sentence rendered on the plea of guilty should not be disturbed for a failure to comply with a ritualistic formula.' (Emphasis added)

"The language in *Cobbler, supra,* allows the trial court and this Court, in determining whether or not a plea of guilty was voluntarily and intelligently entered, to consider the testimony taken at a hearing on an application to withdraw plea of guilty. This is certainly consistent with the language of the United States Supreme Court in *Brady v. United States,* 397 U.S. 742, at 749, 90 S.Ct. 1463, at 1469, 25 L.Ed.2d 747, at 757." (Footnote omitted)

The Court went on in note 2, 539 P.2d at 404, to cite with approval language from *Brady,* extending the supplementation concept to evidentiary hearings conducted in collateral proceedings.

The plea acceptance guidelines are thought to assemble numerous factors which bear materially on the voluntary, knowing, understanding and intelligent quality of tendered guilty pleas, and, accordingly, full compliance is expected. Moreover, it is expected that this compliance will be made a matter of record at the time of acceptance of the guilty plea, so as to avert groundless direct or collateral attack and to aid courts called upon to make such subsequent inquiry.

However, in accordance with the views expressed above, this cause should be and is, hereby, *REVERSED* and *REMANDED* to the District Court for possible supplementation of the record by an evidentiary hearing, followed by findings based upon the whole supplemented record as to whether substantial compliance and a constitutionally valid guilty plea is reflected therein. Other issues sought to be asserted on this appeal but not dealt with here may be reasserted before the trial court upon remand.

WITNESS OUR HANDS and the Seal of this Court this 8th day of April, 1980.

TOM CORNISH, P. J.

TOM BRETT, J.

HEZ J. BUSSEY, J.