Rodney S. JORDAN,
Petitioner-Appellant,

v.

STATE of Indiana,
Respondent-Appellee.

No. 49A02–8604–JV–141.

Court of Appeals of Indiana,
First District.

Nov. 3, 1986.

Rehearing Denied Dec. 16, 1986.

*Mutual Ins. Co. v. Kivela* (1980) 1st Dist.Ind. App., 408 N.E.2d 805.

---

Susan K. Carpenter, Public Defender, Vickie Yaser, Deputy Public Defender, Indianapolis, for petitioner-appellant.

Linley E. Pearson, Atty. Gen., Jody Cusson-Cobb, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for respondent-appellee.

RATLIFF, Judge.

## STATEMENT OF THE CASE

Rodney S. Jordan appeals the summary denial without a hearing of his petition for post-conviction relief, and the trial court's failure to refer the matter to the Indiana Public Defender to represent him. We reverse and remand.

## FACTS

In 1965 Jordan, then a juvenile, was adjudged to be a delinquent child having committed an act which would be a crime if committed by an adult, to-wit: robbery, and was committed to the Indiana Boys School. He has long ago served the term of his commitment.

On October 16, 1985, Jordan filed a petition for post-conviction relief together with an affidavit of indigency in the Marion County Juvenile Court. That court, without referring his petition to the Indiana Public Defender and without holding any hearing, on October 24, 1985, summarily denied his petition "for the reason that Post-Conviction Relief is not a procedure used in the Juvenile Court process ..." Record at 44. The juvenile court also denied Jordan's motion to refer his petition to the Public Defender on the ground the petition was not timely filed. After denial of Jordan's motion to correct errors, this appeal ensued.

## ISSUE

The issue presented for our decision in this case, fairly stated, is as follows:

Is the post-conviction remedy procedure provided in Indiana Rules of Procedure, Post-Conviction Rule 1, available to a juvenile adjudged to be a delinquent child for having committed an act which would constitute a crime if committed by an adult?

## DISCUSSION AND DECISION

Rule P.C. 1 provides a post-conviction remedy for "[a]ny person who has been convicted of, or sentenced for, a crime by a court of this state, ..." The juvenile court ruled such post-conviction remedy procedures unavailable and inapplicable to the juvenile law process and summarily denied Jordan's petition. The state argues that by its terms, the Rule P.C. 1 procedure is available only to a person convicted of a crime, and that since juvenile adjudications do not constitute criminal convictions, *Pallett v. State* (1978), 269 Ind. 396, 381 N.E.2d 452, Jordan is not entitled to relief under Rule P.C. 1. We disagree.

*Pallett* must be considered in the context of the issue presented. There, our supreme court held that a juvenile adjudication could not be used for impeachment purposes because it did not constitute a criminal conviction. Our juvenile code likewise provides that "[a] child may not be considered a criminal by reason of an adjudication in a juvenile court nor may such adjudication be considered a conviction of a crime. Such an adjudication does not impose any civil disability imposed by conviction of a crime." Indiana Code section 31–6–3–5(b).

The obvious purpose of Ind.Code § 31–6–3–5 is to protect the juvenile, not to deny him a method to attack an allegedly infirm adjudication. Further, *Pallett* did not involve the due process or equal protection rights of the juvenile, or the juvenile's right to challenge an invalid delinquency adjudication.

Historically, we have refused to consider adjudication of juvenile delinquency on the basis of conduct which otherwise would constitute a crime as a criminal conviction out of a desire to shield youthful offenders from the stigma of a criminal record. Yet, such procedures have many, if not most, of the attributes of criminal prosecutions. For example, our current juvenile code, provides in Indiana Code section 31–6–3–1:

"Rights of child

"Sec. 1. (a) Except when the child may be excluded from a hearing under IC 31–6–7–10, the child is entitled:

(1) to cross-examine witnesses;

(2) to obtain witnesses or tangible evidence by compulsory process; and

(3) to introduce evidence on his own behalf.

"(b) A child charged with a delinquent act is also entitled to:

(1) be represented by counsel under IC 31–6–7–2;

(2) refrain from testifying against himself; and

(3) confront witnesses."

In addition to the rights enumerated in Ind.Code § 31–6–3–1, adjudications of delinquency must be based on proof beyond a reasonable doubt. Indiana Code section 31–6–7–13; *In re Winship* (1970), 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368; *Matter of Ort* (1980), Ind.App., 407 N.E.2d 1162. A juvenile's statement or confession cannot be used against him unless both the juvenile and his parents or guardian were advised of his right to counsel and right to remain silent and an opportunity for meaningful consultation between juvenile and parents has been afforded. *Chandler v. State* (1981), 275 Ind. 624, 419 N.E.2d 142; *Hall v. State* (1976), 264 Ind. 448, 346 N.E.2d 584; *Lewis v. State* (1972), 259 Ind. 431, 288 N.E.2d 138. Indeed, it has been said that *Miranda* warnings must precede any inquiry by a probation officer of a juvenile if the juvenile's statements to that officer are to be used against the juvenile. *Matter of L.J.M.* (1985), Ind.App., 473 N.E.2d 637.

Either by statute, case law, or both, except for the right to trial by jury, almost the full panoply of rights afforded to a criminal defendant has been extended to juvenile offenders. To seize upon statutes and case law designed to shield the juvenile from the onus borne by one convicted of crime as justification for the denial of a means to challenge an allegedly invalid adjudication of delinquency predicated upon conduct which would constitute a crime if committed by an adult is ludicrous. This is even more apparent when one considers that a record of adjudication of juvenile deliquency may be considered as an aggravating circumstance to support enhancement of a criminal sentence. *Evans v. State* (1986), 497 N.E.2d 919; *Simms v. State* (1981), Ind.App., 421 N.E.2d 698. Surely, if a criminal sentence may be enhanced by reason of a juvenile adjudication of delinquency, the juvenile adjudication must be subject to attack if legally infirm and an appropriate procedure must be provided for that purpose.

The precise question before us was decided by the Oklahoma Court of Criminal Appeals in *Robinson v. Boley State School for Boys* (1976), Okla.Cr.App., 554 P.2d 44. There, a juvenile presently in custody pursuant to an adjudication of delinquency filed a habeas corpus action asserting the invalidity of the adjudication because he was not advised fully of his rights. The Oklahoma court allowed the petition but held that henceforth all such challenges should be presented under that state's statutory post-conviction remedy procedures. The court stated:

"In arriving at this conclusion we are not unmindful that the provisions of 22 O.S. 1971, § 1080, et seq. were enacted primarily for the purpose of allowing adults confined under judgments and sentences rendered in criminal actions to attack the validity of their convictions by post conviction procedures; however, we HOLD that the same rights must be afforded juvenile delinquents where committed for a violation of the penal code in order to comply with the equal protection clause

of the Fourteenth Amendment to the Constitution of the United States."
554 P.2d at 46.

It is significant that the Oklahoma post-conviction remedy statute contains eligibility language remarkably similar to Indiana Rule P.C. 1. The Oklahoma statute provides such a remedy for "[a]ny person who has been convicted of, or sentenced for, a crime ..." 22 O.S.A. § 1080 (West 1986). Thus, despite the lack of statutory language on the applicability of post-conviction procedures to juvenile adjudications, the Oklahoma court found no impediment in reaching its decision and neither do we.[2]

Therefore, we hold that a person adjudged to be a delinquent child in a juvenile adjudication because of acts which would have constituted a crime if committed by an adult may file a petition for post-conviction relief under Rule P.C. 1 to attack the legality of that adjudication. Consequently, it was error for the juvenile court to deny Jordan's petition summarily without a hearing. Because it was error to deny the petition summarily, it likewise was error to refuse to refer the petition to the Public Defender.

Jordan contends his juvenile adjudication is tainted because he was not represented by counsel. He is entitled to be heard and to attempt to establish the grounds of his petition. Likewise, the state may assert whatever defenses it may have to the petition.

Judgment reversed and cause remanded to the juvenile court with directions to vacate its denial of the petition, refer the petition to the Public Defender, and to hold a hearing thereon and render its decision all in the manner provided in Rule P.C. 1.

ROBERTSON, P.J., and NEAL, J., concur.

---

**2.** The Arkansas Supreme Court held a juvenile under commitment had a due process right to challenge the legality of his commitment and that habeas corpus was the appropriate remedy. *Robinson by and through Robinson v. Shock* (1984), 282 Ark. 262, 667 S.W.2d 956. We reject habeas corpus as the appropriate remedy for two reasons: (1) Jordan is not now being held in custody illegally, and (2) post-conviction procedures under Rule P.C. 1 are the appropriate remedy. This is so because Rule P.C. 1(1)(b) provides that such remedy is the exclusive remedy for challenging a conviction or sentence where direct appeal is not available, and Section (1)(c) of the rule provides that if a petition for habeas corpus is filed it shall be transferred to the court of conviction or sentence and treated as a post-conviction petition under Rule P.C. 1. We do agree, however, that a juvenile has a due process right to challenge the legality of his juvenile deliquency adjudication.