Richard WILLIAMSON, Petitioner,

v.

The STATE of Oklahoma, Respondent.

No. A–15469.

Court of Criminal Appeals of Oklahoma.

Feb. 17, 1971.

Richard Williamson, pro se.

G. T. Blankenship, Atty. Gen., Oklahoma City, and Burke G. Mordy, Dist. Atty., Carter County, Ardmore, for defendant-in-error.

## MEMORANDUM OPINION

BRETT, Judge.

Petitioner herein, Richard Williamson, filed in this Court an original petition for the Writ of Error Coram Nobis. Petitioner has no appeal before this Court.

This cause arises from a charge of Murder charged against petitioner in the District Court of Carter County, Oklahoma, whereupon petitioner was tried and convicted of the lesser and included offense of Manslaughter in the First Degree and was sentenced to serve a term of twenty years in the state penitentiary. That conviction was appealed to this Court and docketed as case no. A–13,787. On January 12, 1966, the appeal was argued orally and was submitted for decision. Opinion was rendered therein January 26, 1966. See Williamson v. State, Okl.Cr. 410 P.2d 571. Failure to present matters properly reviewable on appeal are, by this Court, considered as having been waived. Petitioner's objections in this matter relate to the propriety of certain matters of cross examination, which could have been raised in his appeal. The decision of this Court in that case affirming his conviction is binding upon him to the extent that the questions now raised by his Petition for Writ of Error Coram Nobis have heretofore been determined adversely to him.

It appears from the petition, filed pro se, that petitioner alleges errors of law, rather than fact. The Writ of Error Coram Nobis is distinguishable from any other Writ of Error. Coram Nobis is brought for alleged "errors of fact" not appearing in the record and must be directed to the same court in which judgment was rendered, in order for that court to correct the error which, presumably, would not have been committed had the fact in the

first instance been brought to that court's notice. See discussion of Coram Nobis and other remedies contained in 18 Am.Jur.2d, and State ex rel. Emmert v. Gentry, 223 Ind. 535, 62 N.E.2d 860. With reference to the narrow grounds upon which coram nobis relief may be granted see Ex parte Lindley, 29 Cal.2d 709, 177 P.2d 918.

We are of the opinion the petition filed herein does not state sufficient grounds for issuance of the writ of error coram nobis; and therefore, the same is denied and this petition is dismissed.

Writ of error coram nobis denied.

BUSSEY, P. J., and NIX, J., concur.