Sidney Wayne **CAMPBELL**, **Petitioner**,

v.

The **STATE** of Oklahoma, **Respondent**.

No. A–17346.

Court of Criminal Appeals of Oklahoma.

Aug. 2, 1972.

Elmore A. Page, Tulsa, for petitioner.

Larry Derryberry, Atty. Gen., for respondent.

## MEMORANDUM OPINION AND ORDER TO DISMISS

SIMMS, Judge:

Petitioner, Sidney Wayne Campbell, who stands convicted of the crime of Burglary in the Second Degree, After Former Conviction of a Felony, and is under an indeterminate sentence of ten (10) to thirty (30) years imprisonment, which judgment and sentence was affirmed by this Court in Campbell v. State, Okl.Cr., 493 P.2d 1126 (1972) in January, comes now by original action seeking a Writ of Error Coram Nobis.

Writt denied.

█ The ancient common law Writ of Error Coram Nobis, previously available on certain narrow grounds involving errors of fact, Williamson v. State, Okl.Cr., 481 P.2d 767 (1971), no longer lies in criminal cases in Oklahoma.

Without reaching or deciding the question of whether or not the petition is sufficient to cause such a writ to issue, we hold that all such common law writs are no longer available and a statutory remedy has supplanted them. 22 O.S.1971, §§ 1080–1088.

The above-cited Post-Conviction Procedure Act states its purpose in § 1080, as follows:

"* * * Excluding a timely appeal, this act encompasses and replaces all common law and statutory methods of challenging a conviction or sentence."

█ This Court has held, since the passage of the above-cited Act, that the statute does not suspend or alter the privilege of the Writ of Habeas Corpus, however. Lamb v. Page, Okl.Cr., 482 P.2d 615 (1971). Notwithstanding our decision in *Lamb*, supra, since habeas corpus is guaranteed by State and Federal Constitutions, we hold that coram nobis has now been replaced by the Post-Conviction Relief Act and is no longer available in Oklahoma.

In his special concurring opinion, my colleague Judge Brett concludes that the petitioner, in this case, is not precluded from seeking his relief under the Post-Conviction Remedy Act. With this observation, I whole-heartedly concur. Particularly in view of the provisions of the statute as cited in the Special Concurring Opinion, and for the additional reason that

22 O.S.1971, § 1080, sub-paragraph (d), which provides:

"That there exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justice;"

and, sub-paragraph (f), which reads:

"that the conviction or sentence is otherwise subject to collateral attack upon any ground of alleged error heretofore available under any common law, statutory or other writ, motion, petition, preceeding or remedy;"

It is therefore the order of the Court that the Petition for a Writ of Error Coram Nobis is, and the same is hereby, Denied.

BUSSEY, P. J., concurs.

BRETT, J., specially concurs.

BRETT, Judge (specially concurring).

I agree that the intent of the Post Conviction Remedy Act, excluding a timely appeal, is to "encompass and replace" all common law and statutory methods of challenging a conviction; but notwithstanding, section 1086 of the act provides for subsequent consideration of meritorious claims, whether in the nature of coram nobis or not. 22 O.S.1971, § 1086 provides:

"All grounds for relief available to an applicant under this act must be raised in his original, supplemental or amended application. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the applicant has taken to secure relief may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the prior application."

In the main, post conviction remedies exist to try fundamental issues that have not been tried before; consequently, whatever the nature of the claim, the relief being sought must fall within the statutes referred to above. Whether or not the matter being sought to be further litigated shall be considered is a matter for judicial determination under the foregoing section. Therefore, I agree that the writ should be denied in this matter; but the petitioner is not precluded from seeking his relief under the Post Conviction Remedy Act.