Shelby N. FLOYD, Appellant,

v.

The STATE of Oklahoma et al., Appellees.

No. PC–75–182.

Court of Criminal Appeals of Oklahoma.

April 30, 1975.

## ORDER GRANTING RELIEF WITH INSTRUCTIONS

On January 24, 1972, appellant, Shelby N. Floyd, hereinafter referred to as defendant, upon a plea of guilty was convicted for the offense of Uttering and Passing a Bogus Check, After Former Conviction of a Felony, Case No. CRF–72–13, in the District Court, Garfield County. He was thereupon sentenced to serve a term of ten (10) years in the state penitentiary. Subsequently, defendant filed an application in the District Court, Garfield County, for post conviction relief attacking the validity of that plea of guilty for certain constitutional infirmities. Thereafter, on June 5, 1974, the District Court entered an order of summary judgment, denying the application for post conviction relief, and from that order, the defendant perfected an appeal to this Court. On July 9, 1974, in Case No. PC–74–387, this Court entered an order affirming the District Court as to defendant's contention that the record of the proceedings did not support a finding that he personally entered his plea of guilty and, further, the defendant's contention that he was denied the effective assistance of counsel. However, this Court

ordered the matter be remanded for an evidentiary hearing to be held within ninety (90) days from the date of the order for the purpose of determining whether or not defendant was fully advised of his rights as set forth in Boykin v. Alabama, 395 U. S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, and Copenhaver v. State, Okl.Cr., 431 P.2d 669 (1967), and whether or not the defendant voluntarily and intelligently waived said rights. Thereafter, on August 22, 1974, an evidentiary hearing was held on said matter before The Honorable Park W. Lamerton, in the District Court, Garfield County. After taking of sworn testimony, the District Court found the defendant, prior to the entrance of his plea of guilty, had been fully advised of his constitutional rights and said rights were protected. From said ruling, a timely appeal has been perfected to this Court.

The appellant challenges the trial court's findings of fact and conclusions of law and further he argues that the evidentiary hearing had was inadequate to support the trial court's findings that the defendant, prior to the entrance of his plea of guilty, was sufficiently advised of his constitutional rights, specifically his right to a jury trial, his right of confrontation, and his privilege against self-incrimination.

In *Boykin*, supra, the United States Supreme Court reversed a conviction based on a guilty plea for the reason that the record did not disclose defendant voluntarily and understandingly entered such a plea. In *Boykin* the Supreme Court noted that a "plea of guilty is more than a confession which admits that the accused did various acts; it is itself a conviction * * *." Thus, the constitutional "requirement that the prosecution spread on the record the prerequisites of a valid waiver." 395 U.S. at 242, 89 S.Ct. at 1711. The Supreme Court held:

"Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First, is the privilege against compulsory self-incrimina-

tion guaranteed by the Fifth Amendment and applicable to the States by the reason of the Fourteenth. Malloy v. Hogan, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed. 2d 653. Second, is the right to trial by jury. Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491. Third, is the right to confront one's accusers. Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923. We cannot presume a waiver of these three important federal rights from a silent record."

Even prior to *Boykin*, supra, this Court in *Copenhaver*, supra, in an opinion by Judge Bussey, set forth specific guidelines to follow up on the trial court's acceptance of a defendant's plea of guilty. In *Copenhaver*, supra, later cited with approval in Smith v. Oklahoma City, Okl.Cr., 513 P.2d 1327 (1973), this Court stated:

"'In all future cases where there is a plea of guilty, the procedure above set forth should be followed; provided, however, that prior to accepting a plea of guilty, the defendant should be informed of the nature and consequences of such plea [1],

"'1. In this connection the judge should advise the defendant of the minimum and maximum punishment provided by law for the crime of which the accused stands charged.

of his right to court-appointed counsel, if indigent, and his right to a jury trial, and the record should reflect an affirmative waiver of all of these rights prior to the acceptance of a plea.'"

In our previous order remanding this matter for an evidentiary hearing, we stated:

"The record of the case now before us, however, not only fails to reflect any mention of the privilege against self-incrimination and the right to confront one's accusers, it is wholly barren of any mention of the right to a jury trial."

The record of the evidentiary hearing reflects that the defendant's court-appointed counsel, prior to the defendant's plea of guilty, advised the defendant of the vari-

ous constitutional rights mentioned in our previous order. The record further reveals that defendant stated he was not advised of said constitutional rights.

We must emphasize that upon acceptance of a guilty plea the responsibility of advising the defendant of his rights as mandated by this Court in *Copenhaver,* supra, and *Smith,* supra, lies with the trial court and cannot be delegated to the defendant's counsel. The only evidence which purports to show the defendant was advised of his rights is found in the record of the evidentiary hearing wherein it states:

"Q. Now referring to the official transcript of the court reporter the day he entered his plea of guilty to the sentence, January 1972, the court says:

"'And Mr. Floyd was advised thoroughly of his rights before we waived his preliminary hearing?'"

"Your answer was: 'Yes, he was.'"

"Then by the Court again: 'Is that true, Mr. Floyd?'

"And then by the defendant, 'Yes.'

"Do you recall that conversation taking place where Mr. Floyd was asked if he had been advised of his rights that he had available to him before he entered the plea of guilty?

"A. I don't recall the exact words, but I do recall that he was advised and asked if he was entering his plea voluntarily and had he been advised of his rights and that he himself did answer that he had been advised."

In the instant case we feel the record including that of the evidentiary hearing, does not affirmatively reflect nor can it be established that the *trial court,* prior to the defendant's plea of guilty, advised the defendant of his rights as mandated by *Copenhaver,* supra, and *Boykin,* supra. As so well expressed in *Boykin,* supra, Justice Douglas observed:

"What is at stake for an accused facing death or imprisonment demands the utmost solicitude of which courts are capa-

ble in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequence. When the judge discharges that function, he leaves a record adequate for any review that may be later sought * * *, and forestalls the spin-off of collateral proceedings that seek to probe murky memories."

We thus feel the record in the instant case fails to provide any such basis for review to establish that the defendant was fully advised of his rights and that he voluntarily and intelligently waived said rights.

IT IS, THEREFORE, THE ORDER OF THIS COURT the judgment and sentence entered in the trial court be vacated, set aside and held for naught and defendant be granted a trial.

WITNESS OUR HANDS, and the Seal of this Court, this 30th day of April, 1975.

C. F. BLISS, Jr., J.

HEZ J. HUSSEY, J.