Jimmy L. PHILLIPS, Petitioner,

v.

The STATE of Oklahoma et al., Respondents.

No. H–76–101.

Court of Criminal Appeals of Oklahoma.

Feb. 24, 1976.

Certiorari Denied April 26, 1976.

See 96 S.Ct. 1733.

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND/OR ORDER DISMISSING PETITION FOR WRIT OF MANDAMUS

Petitioner, Jimmy L. Phillips, has filed a pleading in this Court entitled "Application for Leave to File Petition for Writ of Habeas Corpus and/or Petition for Writ of Mandamus" wherein he requests this Court to issue the writ of habeas corpus ordering that the judgment and sentence rendered against Petitioner in the District Court of Oklahoma County, Case No. CRF–70–1272 be vacated, set aside and held for naught and that Petitioner be granted a new trial. Petitioner was convicted upon a plea of guilty in the said case and he now challenges the validity of that plea of guilty and conviction alleging he was inadequately advised of his constitutional rights as set forth in *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L. Ed.2d 274 (1969). Petitioner further alleges that the facts attendant to this plea of guilty are identical to those in *Floyd v. State,* Okl.Cr., 535 P.2d 306 (1975) wherein this Court reversed defendant Floyd's conviction finding that the record failed to establish he had voluntarily and intelligently waived his constitutional rights prior to the entry of his plea of guilty.

We first take notice the Petitioner sought review of his plea of guilty in this Court in July, 1974, whereafter this Court entered an order on the 6th day of August, 1974, denying a petition for writ of habeas corpus in *Phillips v. State,* Case No. H–74–434 finding that the record did not support Petitioner's allegation that his plea of guilty was not entered in compliance with *Copenhaver v. State,* Okl.Cr., 431 P.2d 669 (1967). Subsequent to this Court's order on the 6th day of August, 1974, he unsuccessfully sought relief from the conviction in the United States District Court for the Western District of Oklahoma in Case No. CIV–75–0364E wherein he had alleged as a ground for relief that the record of his arraignment was insufficient to meet the requirements in *Boykin,* supra. In an order of the 8th day of May, 1975, the Federal Court found the Petitioner's allegation of a *Boykin* deficiency had been unsuccessfully urged upon the Federal Court twice before and a determination on the merits had been made adversely to the Petitioner. Therefore, the Federal Court would not reconsider the same ground. The Petitioner on the 3rd day of June, 1975, filed an application for post conviction relief in the District Court, Oklahoma County, whereupon the 30th day of June, 1975, the District Court denied said application. From the denial the defendant appealed to this Court in PC–75–369, whereafter in an order entered on the 29th day of July, 1975, this Court found that the Petitioner's challenge to his conviction upon his plea of guilty in CRF–70–1272 had been previously submitted to this Court and adequately disposed of in *Phillips v. State.* In that order we noted the interest of justice would not dictate a reconsideration of the Petitioner's allegation that a *Boykin* deficiency existed in his conviction.

We note that the proper procedure to challenge the validity of a plea of guilty is by compliance with 22 O.S.1971, § 1051 and Rule 3 of the Rules of this Court providing the procedure for a direct appeal from a plea of guilty. We further note that after expiration of the statutory time for the direct appeal from a plea of guilty a defendant may then, upon sufficient reason shown as required by 22 O.S.1971, § 1086, pursue a collateral attack upon his conviction by compliance with the Oklahoma Post Conviction Procedures Act, 22 O.S.1971, § 1080 et seq. and Rule 4 of the Rules of this Court. The proper mode for review of the validity of a plea of guilty is not a petition for writ of habeas corpus and, accordingly, the instant petition for writ of habeas corpus should be dismissed. The Court further notes that after considering the petition filed herein and arguments offered therein and being fully advised in the premises, this Court finds insufficient facts to warrant the issuance of a writ of mandamus.

However, in passing we feel constrained to make certain observations regarding the instant petition. As previously stated, the instant petition is predicated, in part, upon this Court's decision in *Floyd,* supra. We are of the opinion that such reliance is misplaced as the record in *Floyd* is distinguishable from the record in the instant case.

In *Floyd,* supra, we noted an interim order entered by this Court remanding Floyd's post conviction appeal for an evidentiary hearing stating:

"The record of the case now before us, however, not only fails to reflect any mention of the privilege against self-incrimination and the right to confront one's accusers, it is wholly barren of any mention of the right to a jury trial."

The *Floyd* holding was founded upon the insufficiency of the record to show defendant Floyd voluntarily and intelligently entered his plea of guilty. Ony the *Copenhaver* guidelines were considerations of this Court in evaluating defendant Floyd's plea regarding its constitutional sufficiency in light of the constitutional mandate of *Boykin,* supra, *that being the record must show the defendant voluntarily and intelligently entered his plea of guilty.* Also see *Tipton v. State,* Okl.Cr., 498 P.2d 429

(1972) which was applicable at the time defendant Floyd entered his plea. Not until *Smith v. Oklahoma City,* Okl.Cr., 513 P.2d 1327 (1973) did this Court enunciate specific procedural safeguards to be complied with by the trial court to facilitate compliance with the constitutional mandate of *Boykin,* supra. The procedural scheme outlined in *Smith,* supra, was limited to prospective application only and was somewhat explained in *Cobbler v. State,* Okl. Cr., 521 P.2d 838 (1974). Also see *Feaster v. State,* Okl.Cr., 539 P.2d 401 (1975).

Although this Court in *Floyd,* supra, referred to rights mentioned in *Boykin* and *Copenhaver,* supra, we did not intend any retroactive application of *Smith,* supra, but merely applied the *Copenhaver,* supra, guidelines as appropriate considerations in determining whether or not the constitutional test required by *Boykin,* supra was met. Our order in *Floyd,* supra, was made to once again evidence the serious ramifications of an accused's plea of guilty and further illustrate the necessity of an adequate record in the trial court showing the defendant voluntarily and intelligently entered his plea of guilty.

At the point in time when defendant Floyd entered his plea of guilty, had the record in the *Floyd* case affirmatively reflected the waiver of the various constitutional rights, such facts would have been most persuasive in. determining defendant Floyd voluntarily and intelligently entered his plea. However, in *Floyd* we were of the opinion that the record was insufficient to establish the voluntary and intelligent nature of defendant Floyd's plea and thus no intelligent waiver of the various constitutional rights encompassed in entering a plea of guilty could be established.

In the instant case this Court has previously determined Petitioner Phillips' plea was entered in compliance with *Copenhaver,* supra, and voluntarily and intelligently as required by *Boykin,* supra. For this reason the petition for writ of habeas corpus will be denied.

It is, therefore, the order of this court that the petition for writ of habeas corpus in the above styled and numbered cause be denied and further the petition for writ of mandamus be, and hereby is dismissed.

Witness our hands, and the Seal of this Court, this 24th day of February, 1976.

TOM BRETT, P. J.
HEZ J. BUSSEY, J.
C. F. BLISS, JR., J.