Donna O. ELAM, Petitioner,

v.

MUNICIPAL COURT OF OKLAHOMA CITY, the Honorable Terry A. Pendell, and Bob Wilder, Chief of Police of the City of Oklahoma City, Oklahoma, Respondent.

No. H–88–228.

Court of Criminal Appeals of Oklahoma.

June 28, 1988.

Paula M. Henderson & Travis Smith, Legal Aid, Oklahoma City, for appellant.

Elizabeth Kerr, Asst. Mun. Counselor, Oklahoma City, for appellee.

## ORDER GRANTING WRIT OF MANDAMUS REMANDING FOR FURTHER PROCEEDINGS

BRETT, Presiding Judge:

The petitioner, Donna Elam, filed a pleading in this Court entitled "Petition for Writ of Habeas Corpus and Writ of Mandamus" wherein she requested this Court to issue the writ of habeas corpus to release her from the Oklahoma City Jail and a writ of mandamus to order Respondent Terry A. Pendell to place her on probation, or in the alternative, set an appeal bond.

Petitioner pled guilty in Oklahoma City Municipal Criminal Court of Record, Case

No. 88–7692154, to a charge of Driving Under the Influence of an Intoxicating Liquor (Oklahoma City Code § 32–7 (1983)) before the Honorable Terry A. Pendell. A pre-sentence interview was ordered, and sentencing was set for March 29, 1988. After determining that petitioner was unable to pay the probation fee at the time of sentencing, the trial court sentenced her to thirty (30) days in jail and suspended a $500 fine, ordering her to pay costs within thirty (30) days after release. Appeal bond was denied March 31, and petitioner sought and received on April 1 an Order from this Court entitled "Order Granting Habeas Corpus and Directing Response," in which respondents were ordered to release petitioner on a personal recognizance bond and file a response explaining why the probation fee involved herein is not a cost as contemplated by Rules 8.1–8.8 of the Rules of the Court of Criminal Appeals.

The narrow question on which we are ruling is whether an Order of the Municipal Court of Oklahoma City, dated April 21, 1987, which directs that a person who cannot pay required probation fees shall be denied probation, is unconstitutional under the 14th Amendment of the United States Constitution and Art. II, §§ 2 and 6 of the Oklahoma Constitution. We hold that it is.

The City first argues that the issue is improperly before this Court. Judgment and Sentence was pronounced on March 29. Petitioner asked for an appeal bond and it was denied on March 31. Petitioner sought and received an order entitled "Order Granting Habeas Corpus and Directing Response" on April 1. The City argues that petitioner waived her right for direct appeal of a guilty plea by failing to follow the procedures set forth in 22 O.S. 1981, § 1051 and Rule 4.1 of the Rule of the Court of Criminal Appeals (codified at 22 O.S.1981, Ch. 18, App. Rule 4.1). Specifically, petitioner did not qualify for a Writ of Certiorari by filing an application to withdraw her guilty plea within ten days from the date of pronouncement of judgment and sentence.

The City cites *Phillips v. State*, 546 P.2d 1027 (Okl.Cr.1976), *cert. denied*, 425 U.S. 954, 96 S.Ct. 1733, 48 L.Ed.2d 199 (1976), for the proposition that habeas corpus is not the proper mode for review of the validity of a plea of guilty. *See also* 22 O.S.1981, § 1051. We agree that *Phillips* stands for that proposition, and stress that we do not depart from the principles set forth therein. We are not implying that a writ of certiorari will not work in the vast majority of cases in which a guilty plea is entered. However, under Art. II, § 10 of the Oklahoma Constitution, this Court has the authority on a case-by-case basis to determine whether a writ of habeas corpus is appropriate. When, as here, in the extraordinary circumstances where a defendant suffers an extreme deprivation of rights on a constitutional scale and the remedy of certiorari is inappropriate, the writ of habeas corpus is constitutionally guaranteed. *See* Art. II, § 10; *See also Campbell v. State*, 500 P.2d 303 (Okl.Cr. 1972). And since the writ of habeas corpus is an "inquiry into the legality of the detention itself," *In re Caldwell*, 525 P.2d 641, 643 (Okl.Cr.1974), the situation we have here, we will treat the issue as properly before us.

Petitioner cites *Bearden v. Georgia*, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983), for her proposition that she was denied probation and placed in jail solely because she could not afford to pay the costs of probation in advance

The order of which petitioner complains reads:

Beginning Monday, April 27, 1987 Probation fees and evaluation fees must be paid in advance.

The City Administration has mandated that services such as probation must be paid in full by users.

This means that if users do not pay, there will be no probation services in Municipal Courts for anyone.

Consequently, no person who cannot pay the required fees in advance is to be placed on probation.

ORDERED this 21st day of April, 1987.

/s/ Edward B. Dycus

Presiding Municipal Judge

The order makes no provisions for a judicial hearing to determine if a defendant has the ability to immediately satisfy the fine and costs. This is a statutory requirement. 22 O.S.Supp.1984 Ch. 18, App. Rule 8.1. If a defendant is found to be able to pay, but refuses to do so, he may be confined. Rule 8.2. However, if a defendant cannot pay the fine or costs owing to physical disability or poverty, the trial court can order the defendant to make installment payments, suspend the costs, or order the defendant back at a later date to determine whether conditions have changed and defendant can pay the costs. Rule 8.4. We also note that, should a defendant become delinquent in his payments or stop paying altogether, the city can pursue him through civil channels. If the refusal to make payments is deliberate, of course, the defendant can be jailed. *See* 11 O.S.1981, § 28–124.

Of course, our holding here in no way impinges upon the right of a trial court to use its discretion in deciding whether to grant or deny probation. *Howell v. State*, 632 P.2d 1223, 1225 (Okl.Cr. 1981). However, there are strong indications that the trial court abused its discretion by denying petitioner probation simply because she had no money to pay the fee in advance of sentencing. Petitioner's attorney best summed it up in court:

MR. SMITH: The Court then pointed out that there was a 0.23 BAC [blood alcohol content; a person is legally intoxicated at 0.10] involved and that Miss Elam had a serious alcohol problem. I then asked that she be placed on probation, and that the Court either suspend the probation fees or allow her to pay them out, **and the Court stated that people that cannot pay for probation because of economic situation cannot be placed on probation.**

THE COURT: **That is correct.**

(Tr. 4) (emphasis added). A similar provision was condemned in *Bearden v. Geor-gia*, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983), where an indigent's probation was revoked after he was late on making his probation payments. The Supreme Court held that a court cannot revoke a defendant's probation for failing to pay a fine and make restitution absent findings that he was somehow responsible for the failure, or that alternative forms of punishment were inadequate. After examining other related cases, the Court held that the State cannot impose a fine as a sentence and then automatically convert it into a jail term solely because a defendant is indigent and cannot pay the fine at that time. "In other words, if the State determines a fine or restitution to be the appropriate and adequate penalty for the crime, it may not thereafter imprison a person solely because he lacked the resources to pay it." *Id.* at 667–68, 103 S.Ct. at 2070. The same reasoning must apply to costs of probation as well as fines. This basic principle is the constitutional proposition upon which our Rule 8 was based, and this is the proposition that the city violated here.

■ In petitioner's case, she was working 12 hours per week, all her employer would allow, at minimum wage. She was living with her boyfriend, who made more money. However, we have not been cited a single case indicating that a boyfriend's financial status has any bearing on a defendant's indigency, and we are unwilling to make such a requirement now. Petitioner's family was in no better financial condition than she was. As nearly as we can tell, her only other asset was a 16–year–old automobile.

Based on this information, we hold that the trial court abused its discretion in holding that petitioner was not indigent. *See Cleek v. State*, 748 P.2d 39, 40 (Okl.Cr. 1987) and the factors enumerated therein. And although the trial court indicated that petitioner had a drinking problem and would be less dangerous in jail than on the streets, a reading of the record convinces us that petitioner was denied probation solely because of her indigency. As a re-

sult, the trial court acted improperly when it refused to allow some sort of a payment schedule for probation. This refusal was based on the order quoted above. Because this order violates the constitutional guarantees of due process and equal protection under the 14th Amendment to the United States Constitution and Art. II, §§ 2 and 6 of the Oklahoma Constitution, it is unconstitutional.

Petitioner does not challenge the validity of her plea here. Therefore, petitioner's case is REMANDED to make the determination whether she is capable and willing to pay the probation fee in accordance with Rules 8.1–8.8 of this Court.

IT IS SO ORDERED.

BUSSEY and PARKS, JJ., concur.